UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Travis Kyle Mayer,<br><br>Defendant. | Case No. 19-cr-0096 (WMW/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Defendant Travis Kyle Mayer is charged by Indictment with Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Count 1), Transfer of Obscene Matter to a Minor in violation of 18 U.S.C. § 1470 (Count 2), and Penalties for Registered Sex Offenders in violation of 18 U.S.C. § 2260A (Count 3).  This matter is before the Court on Mayer's Motion to Dismiss Count 3 of the Indictment [Doc. No. 20], Motion to Suppress Identifications of Defendant Obtained Through Unconstitutional Identification Procedures [Doc. No. 22], Motion to Suppress All Evidence Obtained from Unlawful Searches and Seizures [Doc. No. 23], and Motion to Suppress Statements [Doc. No. 24].  The motions were referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a)(3)(A).

**I.      Mayer's Motions to Suppress Identifications, Evidence, and Statements**

Mayer filed a motion to suppress an identification made by an essential witness to whom law enforcement officers showed a booking-type photograph of Mayer.  (Def.'s

Mot. Suppress Identifications at 1 [Doc. No. 22].) The Government responded that it did not intend to use the identification at trial and suggested that the motion was therefore moot. (Gov't's Opp'n Mot. Suppress Identifications at 1 [Doc. No. 26].) At the motion hearing on May 28, 2019, Mayer agreed that the motion to suppress the particular identification identified in the motion was moot, but he declined to formally withdraw the motion as moot, because he may seek to challenge at trial other identifications made by the witness including an in-court identification.

Based on the parties' positions, the Court recommends that the motion to suppress the identification made from the booking-type photograph be denied as moot. The Court makes no recommendation on the admissibility of the witness's identification of Mayer using photographs and videos located on her cell phone or an in-court identification during trial, because those issues are not ripe for disposition.

Mayer also moved to suppress evidence seized from his person and residence on September 7, 2017; evidence seized from his personal belongings on September 27, 2018; and evidence located on two cell phones. (Def.'s Mot. Suppress Evidence at 1 [Doc. No. 23].) The Government represented it will not attempt to introduce at trial Mayer's statements or evidence seized from Mayer, his residence, or his personal belongings. (Gov't's Omnibus Resp. at 4–5 [Doc. No. 28].) The parties agreed at the motion hearing that those aspects of Mayer's motions are moot. The Court therefore recommends that those particular requests be denied as moot.

As to Mayer's cell phones, law enforcement investigators have not been able to recover any evidence from the cell phones, but their efforts are ongoing. (Gov't's

Omnibus Resp. at 2.)  The parties agree that unless and until investigators are able to collect evidence from the cell phones, there is nothing to suppress and the motion may be denied as moot.  The Court therefore recommends that this aspect of the motion to suppress evidence be denied as moot.  If investigators are later able to access the information on the cell phones or obtain a new search warrant for the phones, Mayer may bring a new motion to suppress evidence seized from the phones.

Finally, Mayer filed a motion to suppress a statement made to law enforcement in September 2017 (Def.'s Mot. Suppress Statement at 1 [Doc. No. 24]), to which the Government responded that it did not intend to use the statement in its case-in-chief (Gov't's Omnibus Resp. at 5–6).  The parties agreed at the motion hearing that the motion was moot, and the Court there recommends that the motion be denied as moot.

## II.    Mayer's Motion to Dismiss Count 3 of the Indictment

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), Mayer moves to dismiss Count 3 of the Indictment for failure to state an offense.  (Def.'s Mot. Dismiss at 1 [Doc. No. 20].)  Alternatively, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(v), Mayer moves to dismiss Count 3 as a sanction for FBI Special Agent Dennis Howe allegedly falsely testifying to the grand jury.  (*Id.*)

### A.    Dismissal of Count 3 for Failure to State an Offense

Count 3 of the Indictment is labeled "Penalties for Registered Sex Offenders" and charges Mayer as "an individual required by Minnesota law to register as a sex offender at all times relevant to this indictment [of] commit[ing] felony offenses involving

MINOR A, as charged in Count 2, all in violation of Title 18, United States Code, Section 2260A." (Indictment at 2–3.)

Title 18 U.S.C. § 2260A provides for the following penalty for registered sex offenders:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section . . . 1470 . . . shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

18 U.S.C. § 2260A.

Mayer was convicted in 2013 of Criminal Sexual Conduct in the Third Degree, in violation of Minn. Stat. § 609.344, subd. 1(b), for attempting to have sexual intercourse with a thirteen-year-old girl. (Gov't Ex. A at Bates No. 359 [Doc. No. 27-1].) Minnesota Statute § 243.166, subdivision 1b(a)(1)(iii), requires an individual convicted under § 609.344 to register as a predatory offender, and Mayer was registered on the Minnesota Predatory Offender Registry ("MPOR") when he was released from prison on March 31, 2018. (*See id.* at Bates No. 357.) Mayer does not dispute that he was required to register on MPOR.

Mayer posits that the State of Minnesota does not maintain a "sex offender registry" as that term is defined by federal law, and thus he was not required to register as a "sex offender" under Minnesota law. In other words, he contends that the definition of "sex offender" under federal law differs materially from the definition of "predatory offender" under Minnesota law. To illustrate, Mayer submits that, under Minnesota law,

4

even some individuals who are acquitted of a predatory offense may have to register as a predatory offender, whereas federal law requires registration as a sex offender only by individuals who were convicted of a sex offense. Mayer argues that the Minnesota definition of "predatory offender" therefore includes a much larger group of individuals than the federal definition of "sex offender." Because Minnesota law does not correspond squarely with federal law, Mayer submits, the requirement to register as a predatory offender under Minnesota law cannot satisfy the registration requirement of § 2260A. This violates due process and equal protection, according to Mayer, and renders Count 3 invalid.

The Government responds that the sex offender registration requirement under § 2260A may be satisfied by either a federal law or a state law that requires such registration. Because Mayer was required independently by the federal Sex Offender Registration and Notification Act ("SORNA") to register as a sex offender in 2018, the Government contends, the sex offender registration element of § 2260A is met. The Government argues further that the registration requirements of MPOR need not correspond squarely with SORNA, but even if they do, the requirements meet the minimum standards of SORNA.

### 1. Mayer Was Required By Federal Law to Register as a Sex Offender

The plain language of § 2260A mandates a penalty for a registered sex offender who fails to register as a sex offender as required by federal *or* state law. *See* 18 U.S.C. § 2260A ("Whoever, being required by Federal *or other law* to register as a sex

offender . . . .") (emphasis added).  Mayer does not dispute that he was required under federal law to register as a sex offender.[1]

However, as the Government acknowledges, the Indictment refers only to Mayer's obligation under Minnesota law to register as a sex offender; the Indictment does not specifically charge Mayer with failing to register as a sex offender under federal law. The Government submits this omission does not render Count 3 invalid because the Indictment contains sufficient information to fairly inform Mayer of the charge against him and allow him to argue double jeopardy as a bar to a future prosecution.  (Gov't Resp. at 4 n.4 [Doc. No. 27].)

"As a general rule, due process requires that the indictment give a defendant notice of each element of the charge against him so that he can prepare an adequate defense." *United States v. Becton*, 751 F.2d 250, 256 (8th Cir. 1984).  The Court finds here that the Indictment gives notice to Mayer that (1) he was required to register as a sex offender (albeit under Minnesota law), and (2) he allegedly committed felony offenses involving a

---

[1] Under federal law, a "sex offender" is a person convicted of a sex offense.  34 U.S.C. § 20911(1).  The definition of "sex offense" includes "a criminal offense that has an element involving a sexual act or sexual contact with another," "a criminal offense that is a specified offense against a minor," or "an attempt . . . to commit an offense described" above.  34 U.S.C. § 20911(5)(A)(i), (ii), (v).  A "specified offense against a minor" includes "Criminal sexual conduct involving a minor . . ." and "Any conduct that by its nature is a sex offense against a minor."  § 20911(7)(H), (I).  Mayer was convicted in 2013 of attempting to have sexual intercourse with a 13-year-old girl, in violation of Minn. Stat. § 609.344, subd. 1(b).  (Gov't Ex. A at Bates No. 359.)  That statute defines criminal sexual conduct in the third degree as sexual penetration with another person who is between 13 and 16 years old, when the actor is more than 24 months older than the victim.  Minn. Stat. § 609.344, subd. 1(b).  Mayer's conviction therefore meets the definition of an attempted sex offense against a minor, which means he was required by law to register as a sex offender.  He has not argued otherwise.

minor. Those are the elements of § 2260A, and thus, the allegations give sufficient notice to Mayer of the charge against him. Mayer has not argued otherwise.

But even if the existing allegations of the Indictment did not give sufficient notice to Mayer of each element of § 2260A, Mayer now has actual notice that the Government is alleging he was required to register as a sex offender by both state and federal law. Actual notice of a charge may satisfy due process when an indictment is inadequate. *See Becton*, 751 F.2d at 256. Mayer has not argued that he has not received actual notice of the charge. If he raises this challenge in the future, the Government has offered to provide a bill of particulars notifying Mayer that he was required to register as a sex offender under federal law and that the Government is charging him with violating § 2260A under that theory. A bill of particulars may elaborate on and clarify a required element already included in an indictment. *See United States v. Dolan*, 120 F.3d 856, 866 (8th Cir. 1997).

### 2. MPOR Need Not Conform Squarely with SORNA

Mayer has not identified any legal authority to support his position that MPOR must conform squarely with SORNA to establish criminal liability for a violation of § 2260A. To the contrary, the plain language of § 2260A refers to the requirement to register as a sex offender under federal *or* other law. The use of the disjunctive "or" acknowledges that a state's sex offender registration requirements may differ from federal requirements. Thus, when a defendant is required by state law to register as a sex offender, "the federal definition of 'sex offender' is irrelevant to . . . liability under § 2260A." *United States v. Carver*, 422 F. App'x 796, 803 (11th Cir. 2011). Otherwise,

7

"[t]he phrase 'or other law' would be superfluous . . . ." *Id.* The Court concludes here, according to the plain language of § 2260A, that MPOR need not squarely conform with SORNA to provide a basis for liability under § 2260A.

Nor has Mayer provided any evidence that MPOR is different from a sex offender registry envisioned by § 2260A. In *United States v. Charles*, the Eighth Circuit Court of Appeals considered whether a defendant was required to register as a sex offender under MPOR. 895 F.3d 560, 565 (8th Cir. 2018). The court found he was, based in part on trial testimony establishing that "MPOR is no different than a sex offender registry." *Id.* Thus, the elements of § 2260A were established beyond a reasonable doubt. *Id.*

To the extent Mayer is raising a purely legal challenge to whether MPOR qualifies as a sex offender registry under § 2260A, that question was not raised or discussed in *Charles*, though the court commented, "it is not clear that the MPOR does not qualify as a sex offender registry for purposes of § 2260A as a matter of law." *Charles*, 895 F.3d at 565. Mayer argues here that the breadth of MPOR's predatory offender registration requirement "risks the uneven application of a federal criminal statute in ways that would violate constitutional due process and the equal protection of laws." (Def.'s Mot. Dismiss at 6 [Doc. No. 20].) This language suggests that Mayer is raising an as-applied challenge to § 2260A, though he did not support this challenge with argument or legal authority.

When a defendant argues that a criminal statute is unconstitutional as applied, courts "look to whether the statute gave adequate warning, under a specific set of facts, that the defendant's behavior was a criminal offense." *United States v. Palmer*, 917 F.3d

8

1035, 1038–39 (8th Cir. 2019) (quotation omitted).  Here, Mayer was convicted in 2013 of attempting to have sexual intercourse with a 13-year-old girl, in violation of Minn. Stat. § 609.344, subd. 1(b).  This conviction required Mayer to register as a sex offender under SORNA and as a predatory offender under Minnesota law.

Mayer argues that MPOR is not a sex offender registry for purposes of § 2260A, however, because MPOR requires registration for a broader range of offenders, such as individuals who are acquitted of a predatory offense, than SORNA.  But this argument does not pertain to the specific set of facts of this case.  Specifically, Mayer was not acquitted of the qualifying predatory offense; he was convicted of it.  Thus, this particular as-applied challenge fails, and the Court concludes that § 2260A gave Mayer adequate warning under the specific facts of this case that his behavior was a criminal offense.[2]

To the extent Mayer intended to make a different argument grounded in due process or equal protection, he has failed to develop any such argument and the Court considers it waived.

### 3.  MPOR Is a Sex Offender Registry as Defined by SORNA

Under SORNA, a "sex offender" is a person who was convicted of a sex offense. 34 U.S.C. § 20911(1).  A "sex offender registry" is "a registry of sex offenders, and a notification program, maintained by a jurisdiction."  34 U.S.C. § 20911(9).  MPOR requires the registration of individuals convicted of criminal sexual conduct under several

---

[2] The other element of § 2260A—the commission of a felony offense involving a minor under, *inter alia*, 18 U.S.C. § 1470, with which Mayer is charged in Count 2 of the Indictment—is not at issue here.

9

Minnesota state statutes, including § 609.344.  Minn. Stat. § 243.166, subd. 1b(a)(1)(iii).  This registration requirement corresponds to the registration requirements and definition of "sex offender registry" in SORNA.  Defendant does not argue otherwise.

Instead, Defendant argues that because MPOR's registration requirements are more broad than SORNA's, Minnesota's registry is not a "sex offender registry" as defined by SORNA.  The Court respectfully disagrees.  Not only does Mayer fail to cite any authority to support his position, but numerous courts have recognized that SORNA sets the minimum standards, not the ceiling, for a sex offender registry, *e.g.*, *United States v. Darkes*, 608 F. App'x 584, 587 (10th Cir. 2015) (citation omitted); *United States v. Taylor*, 777 F.3d 434, 442 (7th Cir. 2015); *United States v. Templin*, 354 F. Supp. 3d 1181, 1184 (D. Mont. 2019) (citing *Office of Att'y Gen.; The Nat'l Guidelines for Sex Offender Reg. & Notification*, 73 Fed. Reg. 38030-01, 38034 (July 2, 2008) ("*National Guidelines*"); *United States v. Red Tomahawk*, No. 1:17-CR-106, 2018 WL 772081, at *2 (D.N.D. Feb. 7, 2018) (citing *National Guidelines*); *United States v. McGrath*, No. CR 04-0061-JWD-EWD, 2017 WL 6349046, at *1 (M.D. La. Dec. 12, 2017) (citing *National Guidelines*).  In addition, Mayer has not shown that SORNA, or any other authority, prohibits jurisdictions from setting broader registration requirements than what is provided in the statute.

### B.     Dismissal as a Sanction for Allegedly False Grand Jury Testimony

Mayer contends FBI Special Agent Dennis Howe falsely testified that Mayer was a "registered sex offender" rather than a "registered predatory offender" in Minnesota.  (Def.'s Mot. Dismiss at 2.)  He argues "there is a material distinction" between the two

10

terms.  (*Id.*)  The Court concludes otherwise, for the reasons discussed in Part II.A above.  Consequently, the Court finds that Special Agent Howe did not testify falsely to the grand jury.  Even if the testimony could be considered a misstatement or mistake, it was not so severe as to justify dismissal of Count 3.  *See United States v. Moore*, 184 F.3d 790, 794 (8th Cir. 1999).

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Travis Kyle Mayer's Motion to Dismiss Count 3 of the Indictment [Doc. No. 20] be **DENIED**;

2. Defendant Travis Kyle Mayer's Motion to Suppress Identifications Obtained Through Unconstitutional Identification Procedures [Doc. No. 22] be **DENIED AS MOOT**;

3. Defendant Travis Kyle Mayer's Motion to Suppress All Evidence Obtained from Unlawful Searches and Seizures [Doc. No. 23] be **DENIED AS MOOT**; and

4. Defendant Travis Kyle Mayer's Motion to Suppress Statements [Doc. No. 24] be **DENIED AS MOOT**.

Dated: June 25, 2019                    s/Hildy Bowbeer
                                        HILDY BOWBEER
                                        United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in D. Minn. LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.