UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 19-cr-0096 (WMW/HB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Travis Kyle Mayer, | |
| Defendant. | |

Defendant Travis Kyle Mayer is charged with distributing child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Count 1); transferring obscene matter to a minor, in violation of 18 U.S.C. § 1470 (Count 2); and committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count 3). This matter is now before the Court on the June 25, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 34.) The R&R recommends denying Mayer's motion to dismiss Count 3 of the Indictment and denying as moot Mayer's motions to suppress evidence and statements.

### I.     Mayer's Objections to the R&R

This Court reviews de novo those aspects of the R&R to which Mayer objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Mayer objects to the R&R's recommendation that the Court deny his motion to dismiss Count 3. The facts relevant to Mayer's objections are not in dispute—namely, that Mayer was convicted in 2013 of third-

degree criminal sexual conduct for attempting to have sex with a minor and, as a result of that conviction, Mayer was registered on the Minnesota Predatory Offender Registry (MPOR) at the time of his alleged offenses at issue in this case. Mayer disputes the R&R's legal determination that Count 3 of the Indictment states a criminal offense.[1]

Count 3 of the Indictment alleges that Mayer violated 18 U.S.C. § 2260A, which provides:

> Whoever, *being required by Federal or other law to register as a sex offender*, commits a felony offense involving a minor under section . . . 1470 . . . shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

18 U.S.C. § 2260A (emphasis added). Mayer contends that he was not required to register as a sex offender under federal law. He also argues that his registration on the MPOR is insufficient to establish a violation of Section 2260A because the bases for registration on the MPOR are broader than the federal statutory definition of "sex offender."

Mayer first argues that the magistrate judge erred by determining that he was required to register as a sex offender under federal law because "no federal sex offense registry even exists." But contrary to Mayer's argument, the R&R does not state that a federal sex offense registry exists. Rather, the R&R correctly observes that federal law required Mayer to register as a sex offender. *See* 34 U.S.C. § 20913(a) ("A sex offender

---

[1] Mayer does not object to the R&R's related determination that dismissal of Count 3 is not warranted as a sanction for alleged false testimony presented to the grand jury.

2

shall register, and keep the registration current, in each jurisdiction where the offender resides . . . ."). For this reason, Mayer's objection on this basis is overruled.

Mayer next argues that the magistrate judge erred by determining that his registration on the MPOR qualifies as a "sex offender" registration for the purpose of Section 2260A. According to Mayer, because the MPOR registration requirement under Minnesota law is "broader in scope" than the definition of "sex offense" under federal law, *see* 34 U.S.C. § 20911(5)(A), Mayer's registration on the MPOR cannot establish a violation of Section 2260A as alleged in Count 3 of the Indictment. Mayer cites no legal authority to support his argument that an individual state's sex offender registry requirements must be identical to the federal statutory definition of "sex offender," however. And contrary to Mayer's argument, the plain language of the statute establishes that a violation of Section 2260A may occur if the defendant was "required by Federal *or other law* to register as a sex offender." 18 U.S.C. § 2260A (emphasis added). This language takes into account that an individual state's sex offender registry requirements may differ from the requirements of federal law. *See id.*; *see also United States v. Charles*, 895 F.3d 560, 565 (8th Cir. 2018) (observing that "it is not clear that the MPOR does not qualify as a sex offender registry for purposes of § 2260A as a matter of law"). And Mayer does not dispute that the basis for *his* inclusion on the MPOR is consistent with the federal definition of "sex offense." *See* 34 U.S.C. § 20911(5)(A)(i) (defining "sex offense" to include "a criminal offense that has an element involving a sexual act or sexual contact with another"). Accordingly, Mayer's objection on this basis also is overruled.

Finally, Mayer contends that, if registration on the MPOR qualifies as a "sex offender" registration for the purpose of Section 2260A, then Section 2260A is unconstitutionally vague because, in certain circumstances, Minnesota requires registration on the MPOR even if a defendant is acquitted of the relevant criminal charge. But courts "consider whether a statute is vague as applied to the particular facts at issue," because an individual " 'who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.' " *United States v. Cook*, 782 F.3d 983, 987 (8th Cir. 2015) (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010)); *accord United States v. Salerno*, 481 U.S. 739, 745 (1987) ("The fact that [a law] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment."). Mayer does not dispute that he was *convicted* of the offense that resulted in his registration on the MPOR. Thus, Mayer's vagueness argument also is unavailing, and his objection on this basis is overruled.

## II.     Clear Error Review

Because Mayer does not object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* Fed. R. Crim. P. 59 advisory committee's note to 2005 adoption (explaining that de novo review of a magistrate judge's recommendation is required "only where there is an objection" (citing *Peretz v. United States*, 501 U.S. 293 (1991))); *accord* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

4

Having carefully performed this review, the Court finds no clear error. In light of this conclusion, the Court adopts the R&R.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Travis Kyle Mayer's objection to the June 25, 2019 R&R, (Dkt. 35), is **OVERRULED**.

2. The June 25, 2019 R&R, (Dkt. 34), is **ADOPTED**.

3. Defendant Travis Kyle Mayer's motion to dismiss Count 3 of the Indictment, (Dkt. 20), is **DENIED**.

4. Defendant Travis Kyle Mayer's motions to suppress evidence and statements, (Dkts. 22, 23, 24), are **DENIED AS MOOT**.

Dated: August 22, 2019                           s/Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge