UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | DEFENDANT TRAVIS KYLE MAYER'S RESPONSE TO THE GOVERNMENT'S MOTION TO RECONSIDER THE GOVERNMENT'S REQUEST FOR A *FREY* HEARING |
| Plaintiff, | |
| vs. | |
| Travis Kyle Mayer, | |
| Defendant. | Crim. No. 19-96 (WMW/HB) |

The day before the most recent motions hearing in this case, the Government filed a pleading asking the magistrate judge to reconsider the court's procedural limitations on how to make an appropriate record regarding its rejected plea offer. *See* Motion to Reconsider [Docket No. 69]. Although the matter has now been rendered moot by the record made at the motions hearing, the Court has nonetheless invited this response.

As an initial matter, the Government's repeated references to *Lafler v. Cooper*, 566 U.S. 156, 170 (2012), are entirely misplaced. A *Lafler* hearing is a hearing convened *after* a case has terminated to ascertain whether a defendant received constitutionally ineffective assistance of counsel that caused him to reject a proposed plea, and if so, to devise an appropriate remedy:

> the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea. If the showing is made, the court may exercise discretion in determining whether the defendant should receive

> the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between. . . . In [other] circumstances, the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed.

*Lafler*, 566 U.S. at 171. A *Lafler* hearing, by its very nature, cannot take place until after a defendant has been sentenced and waived the attorney-client privilege in seeking a remedy for the harm caused by the alleged ineffective assistance of counsel. A hearing *before* trial to inquire into the nature of the advice that counsel has rendered obviously is foreclosed by the existence of the privilege.

*Missouri v. Frye*, 566 U.S. 134 (2012), is the case at issue. There the Court found counsel's assistance to be constitutionally ineffective for having failed to communicate a favorable plea offer to the defendant before it expired. The *Frey* Court suggested three measures that could be adopted to avert future claims of this nature:

> First, the fact of a formal offer means that its terms and its processing can be documented . . . . Second, States may elect to follow rules that all offers must be in writing, again to ensure against later misunderstandings . . . . Third, formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Frey*, at 146. While not mandates by any means, these suggestions are nonetheless good advice that can help to avert unnecessary errors, and they require no involvement whatsoever in the plea negotiating process by the courts. In this case, all of the

suggested measures already have been implemented. There was a formal plea offer made by the Government, its terms were reduced to a writing, and a record of that offer and its terms was made at the motions hearing in the presence of Defendant. Nothing more is needed or prudent.

Ironically, in the instant case, none of this served any real purpose because, as was confirmed in the motion to reconsider, and again during the record made at the motions hearing, the plea offer in this case was not delivered to defense counsel in the mere hope that it would get communicated to the Defendant; here, it was the prosecutor himself who made the formal offer directly to the Defendant – in person – at a meeting attended by counsel, the Defendant, and two government investigators. Making the additional record at the motions hearing did not serve any purpose that had not already been accomplished.

The Government's additional request for the opportunity to interrogate the Defendant on the record about whether "he understands the terms of that plea offer" and "what the defendant understood about the plea" (Mot. to Reconsider [Docket No. 69] at 1, 4) is entirely inappropriate. The Government's further assertion that "[t]he Supreme Court specifically advanced the exact sort of hearing the Government requests here, with the proposed questioning" (*id.* at 6) is simply not true. The *Frey* Court's suggestion that "formal offers can be made part of the record," did not suggest any kind of a hearing at all, much less one that infringes on the Defendant's right to

remain silent or invites the court to disregard the admonition in Federal Rule of Criminal Procedure 11(c) that it "must not participate in these discussions."

The Government's request to make the record suggested by the Supreme Court in *Missouri v. Frye*, 566 U.S. 134 (2012), is moot because it already has been made; it was not necessary in the first place because the prosecutor personally communicated the plea offer and its terms directly to the Defendant in the presence of Government witness; and no further "hearing" or interrogation of the defendant is appropriate, warranted, or advisable.

Dated: 21 October 2019                     Respectfully submitted,

DANIEL L. GERDTS, LAWYER

*s/ Daniel L. Gerdts*

Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
612.800.5086