UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Travis Kyle Mayer,<br><br>　　　　　Defendant. | Case No. 19-cr-0096 (WMW/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendant Travis Kyle Mayer's Motion to Dismiss Multiplicitous Counts [Doc. No. 64] and Motion to Suppress Search and Seizure Evidence [Doc. No. 65]. The motions were referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a)(3)(A). For the reasons set forth below, the Court recommends that the motions be denied.

**I.     Background**

On April 1, 2019, Defendant Travis Kyle Mayer was charged by Indictment with three counts:

1. Distribution of Child Pornography on or about August 8, 2018, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1);

2. Transfer of Obscene Matter to a Minor between June 26, 2018, and July 17, 2018, in violation of 18 U.S.C. § 1470; and

3. Penalties for Registered Sex Offenders for failing to register as a sex offender between June 26, 2018, and July 17, 2018, in violation of 18 U.S.C. § 2260A.

(Indictment [Doc. No. 1].)  Mayer filed several pretrial motions, which this Court addressed in an Order dated June 6, 2019, and a Report and Recommendation dated June 25, 2019 [Doc. No. 34].  The Report and Recommendation was adopted in an Order dated August 22, 2019 [Doc. No. 37].

A Superseding Indictment [Doc. No. 55] was filed on September 25, 2019, charging Mayer with the three original counts and six new counts:

1. Production and Attempted Production of Child Pornography on or about May 22, 2018, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 3559(e);

2. Production and Attempted Production of Child Pornography on or about July 17, 2018, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 3559(e);

3. Distribution of Child Pornography on or about August 8, 2018, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1);

4. Possession of Child Pornography on or about August 8, 2018, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2);

5. Transfer and Attempted Transfer of Obscene Matter to a Minor between June 1, 2018, and July 17, 2018, in violation of 18 U.S.C. § 1470;

6. Attempted and Actual Coercion and Enticement from about April 1, 2018, through August 8, 2018, in violation of 18 U.S.C. §§ 2422(b) and 3559(e);

7. Penalties for Registered Sex Offenders for failing to register as a sex offender between June 26, 2018, and July 17, 2018, in violation of 18 U.S.C. § 2260A;

8. Receipt of Child Pornography on or about August 22, 2017, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and

9. Possession of Child Pornography from about August 20, 2017, through August 31, 2017, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

On October 4, 2019, Mayer filed the motion to dismiss and motion to suppress now before the Court, and the Court held a hearing on the motions on October 11, 2019. (*See* Ct. Mins [Doc. No. 72]; Mot. Hr'g Tr. [Doc. No. 79].)  Mayer filed a post-hearing memorandum on November 8, 2019 [Doc. No. 80], and the Government filed a post-hearing memorandum on November 15, 2019 [Doc. No. 81], at which time the Court took the motions under advisement.

## II.     Mayer's Motion to Suppress Evidence

Mayer moves to suppress evidence seized from two mobile telephones, one of which was seized in September 2017 and the other in September 2018. (Def.'s Mem. Supp. Mots. Suppress & Dismiss at 1 [Doc. No. 80].)  Neither seizure was authorized by a warrant.  The Government contends that both seizures occurred incident to Mayer's lawful arrest and that Mayer has not established a subjective expectation of privacy in the phone that was seized in 2017.

### A.     The Phone Seized in September 2017

#### 1.     Relevant Facts

FBI Special Agent Dennis L. Howe testified at the pretrial motion hearing on October 11, 2019, that after Mayer was released from state custody in 2017, he was subject to a condition of parole prohibiting access to devices that could access the Internet or other sexually explicit information. (Mot. Hr'g Tr. at 13.)  Another condition required Mayer to submit to unannounced visits from his parole officer, as well as searches of his home and person. (*Id.* at 13–14.)  After his release, Mayer lived at the Countryside Inn Motel in Albert Lea, Minnesota. (*Id.* at 14.)  In September 2017, law

enforcement received a report that someone with the user name mtravis281@gmail.com had uploaded suspected child pornography to a Google account. (*Id.*) The IP address for the user name was associated with the Countryside Inn Motel in Albert Lea. (*Id.*) Law enforcement officers reviewed the images that had been reported and determined that the images were child erotica and child pornography. (*Id.* at 15.) The investigators decided to conduct a parole check on Mayer at the Countryside Inn and Motel. (*Id.* at 16.)

During the interview in Mayer's motel room, officers asked Mayer if he had a phone. (*Id.*) Mayer replied he did not want to get in trouble and produced a phone from his pocket. (*Id.*) He leaned away from the agents and tried to do something with the phone, but the officers grabbed it from him. (*Id.*) The phone was later determined to be an Internet-capable device, which Mayer was not allowed to possess. (*Id.* at 17.) The officers searched the room and found power cords for the phone, a stylus, some adult pornography, liquor, children's underwear, an unused diaper, and a notebook with the email address mtravis281@gmail.com noted. (*Id.*) Based on the items discovered in Mayer's room, he was arrested for violating his parole. (*Id.* at 18.)

During a subsequent interview, Mayer told investigators that the phone was not his phone and that it had been given to him by a friend earlier that night. (*Id.*) He also said the liquor and children's underwear had been left in the room by other people. (*Id.*)

Investigators obtained a search warrant for the phone immediately after it was seized, but they were not able to access the data on the phone due to password encryption. (*Id.* at 20.) They retained the phone in custody. (*Id.*)

4

**2.     Discussion**

To challenge a seizure under the Fourth Amendment, a defendant must establish that the government violated his reasonable expectation of privacy when it seized the item at issue. *See United States v. Kiser*, 948 F.2d 418, 423 (8th Cir. 1991). Mayer "bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search and seizure." *Id.* Mayer must assert a subjective expectation of privacy in the phone and show that his subjective expectation is objectively reasonable. *Id.*

Mayer has not met the subjective prong of the test. He has not shown—or even asserted—that he has a subjective expectation of privacy in the phone. In fact, the only evidence before the Court on this issue is that Mayer told the law enforcement officers that the phone was not his and that it belonged to a friend. Mayer has not retracted these statements. Mayer's failure to demonstrate a subjective expectation of privacy in the phone is fatal to his motion to suppress evidence seized from the phone, and the Court recommends that the motion be denied on this basis.[1]

Before concluding, the Court will address an implication by Mayer that law enforcement officers seized the phone when they conducted a "search of [his] person." (Def.'s Mem. Supp. at 2.) That is not accurate. The evidence before the Court is that law enforcement officers asked Mayer if he had a phone, and Mayer produced a phone from

---

[1] Because the Court concludes that Mayer has not met his burden to establish that the government violated his subjective expectation of privacy when it searched the phone seized in 2017, the Court does not address the Government's argument that phone was seized incident to Mayer's arrest.

his pocket. The officers grabbed the phone from Mayer's hand only after he had removed it from his pocket, leaned away from the officers, and tried to do something with the phone. While the Government did not argue that exigent circumstances justified the seizure of the phone, should Mayer later assert a subjective expectation of privacy in the phone, the Court is of the view that the exigent circumstances exception to the warrant requirement would apply here. Exigent circumstances exist when evidence might be destroyed. *United States v. Williams*, 521 F.3d 902, 908 (8th Cir. 2008). The question is what a reasonable police officer would have believed. *Id.* Here, before the phone was seized, officers believed Mayer had used the phone to upload child pornography. They knew, and they knew *he* knew, that he was not permitted to possess an Internet-capable phone. When Mayer admitted he had a phone, said he did not want to get in trouble, and leaned away from the officers and tried to do something with the phone, it would have been reasonable for the officers to believe that he could have been attempting to destroy evidence on the phone.

In sum, the Court recommends that Mayer's motion to suppress evidence obtained from the phone seized in September 2017 should be denied.

      **B.**      **The September 2018 Search**

Agent Howe testified that the Albert Lea Police Department received a report in August 2018 from law enforcement officers in Oregon that a minor ("Minor A") reported she was being sexually harassed, exploited, and threatened by a man who lived in Albert Lea. (Mot. Hr'g Tr. at 22.) The suspect's reported mobile phone number matched the mobile phone number Mayer had provided on his sex offender registration. (*Id.* at 22.)

6

Investigators examined data and information on Minor A's mobile phone and discovered several chats between Minor A and the suspect phone, including sexually explicit content, videos, and images. (*Id.*) Investigators also found videos and photos of a man Minor A identified as "Tyler Cole." (*Id.*) Investigators identified "Tyler Cole" as Mayer through police records and photos on Mayer's sex offender registry. (*Id.* at 23.) Investigators contacted Mayer and asked him about the suspect phone, to which Mayer replied that the phone no longer existed. (*Id.*) Mayer said his girlfriend had thrown the phone across the street and destroyed it. (*Id.*) Albert Lea police officers arrested Mayer on September 25, 2018, for crimes related to the communications and sexually explicit images exchanged with Minor A. (*Id.* at 24.) Mayer had a cell phone in his possession at the time, which the officers seized incident to his arrest. (*Id.*)

Agent Howe's testimony is consistent with a Statement of Probable Cause submitted in support of a criminal complaint filed in Freeborn County, Minnesota. (Gov't Ex. F.) The complainant, Albert Lea Police Officer Todd Deming, averred that the minor victim had exchanged nude, sexually explicit photographs with "Tyler Cole" and that "Tyler Cole" knew the victim was 15 years old. (Gov't Ex. F at 00000295.) The victim consented to a search of her phone, and a police officer in Oregon located the sexually explicit videos and pictures. (*Id.*) Investigators confirmed that "Tyler Cole" was Mayer by comparing photographs. (*Id.*) Investigators also confirmed that Mayer's registered phone number matched the suspect phone number provided by the victim. (*Id.* at 00000296.)

7

In Mayer's post-hearing memorandum filed in support of the motion to suppress, Mayer concedes that the Government has met its burden to show probable cause for his arrest in September 2018. (Def.'s Mem. Supp. at 4.) He does not persist in his argument that the phone was seized unlawfully. The Court agrees that probable cause existed for Mayer's arrest in September 2018 and that his phone was lawfully seized pursuant to that arrest. Thus, Mayer's motion to suppress evidence obtained from the phone seized in September 2018 should be denied.

### III.    Mayer's Motion to Dismiss

Mayer argues that Count 6 of the Superseding Indictment is multiplicitous of Counts 1 and 2 because Count 6 alleges the same conduct and is based on the same elements as Counts 1 and 2. Specifically, he contends, all three counts charge that he "(1) [employed, used, coerced,] persuaded, induced, and enticed; (2) Minor A, a known 15-year-old girl; (3) to engage in sexually explicit conduct or sexual activity; (4) to produce child pornography; and (5) did so in or affecting interstate commerce." (Def.'s Mem. Supp. at 6.) Mayer concedes that Counts 1 and 2 allege violations on two different dates—one in May 2018 and one in July 2018—and acknowledges those charges are not multiplicitous of one other. (*Id.*)

"An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). Such an indictment violates a defendant's "right not to be put more than once in jeopardy." *United States v. Herzog*, 644 F.2d 713, 715 (8th Cir. 1981). When determining whether an indictment is multiplicitous, "[t]he applicable rule is that, where the same act or transaction constitutes

a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (finding two offenses were committed with a single act because each offense "require[d] proof of a different element"). Mayer must establish that the offenses are the same "in law and fact." *United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir. 1995).

Count 1 charges with Mayer with Production and Attempted Production of Child Pornography on or about May 22, 2018. Count 2 charges Mayer with the same offense occurring on or about July 17, 2018. Both counts are brought pursuant to 18 U.S.C. §§ 2251(a). Count 6 charges Mayer with Attempted and Actual Coercion and Enticement from about April 1, 2018, to August 8, 2018. The alleged coercion and enticement was for Minor A to engage in the production of child pornography. (Superseding Indictment at 6.) Count 6 is brought pursuant to 18 U.S.C. § 2422(b).

Title 18 U.S.C. § 2251(a) provides:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or

foreign commerce or in or affecting interstate or foreign commerce or mailed.

As charged in the Superseding Indictment, § 2251(a) has four elements:

1. At the time alleged, Minor A was under 18 years old;

2. Mayer knowingly employed, used, persuaded, induced, enticed, or coerced Minor A to engage in sexually explicit conduct;

3. Mayer acted with the purpose of producing a visual depiction of such conduct; and

4. The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone.

*See* 8th Cir. Model Crim. Jury Instr. § 6.18.2251A (2018); (Superseding Indictment at 1–4; Gov't's Mem. Opp'n Mot. Dismiss & Suppress at 6 [Doc. No. 81]).

Title 18 U.S.C. § 2422(b) provides:

(b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

As charged in the Superseding Indictment, § 2422(b) has three elements:

1. Mayer knowingly used a facility and means of interstate and foreign commerce to attempt to, persuade, induce, or entice Minor A to engage in the production of child pornography;

2. Mayer believed that Minor A was less than 18 years of age; and

3. Based on the child pornography that occurred, Mayer could have been charged with a criminal offense under the laws of the United States or the State of Minnesota.

10

*See* 8th Cir. Model Crim. Jury Instr. § 6.18.2422B (2018); (Superseding Indictment at 5–6; Gov't's Mem. Opp'n at 5).

Upon comparing the offenses charged in Counts 1 and 2 with the offense charged in Count 6, the Court finds the offenses differ in several respects in law and fact.  First, to prove a violation of § 2251(a), the Government will have to establish that Minor A was *actually* under the age of 18, but to prove a violation of § 2422(b), the Government must establish that Mayer *believed* Minor A was younger than 18 years old.  Second, to prove a violation of § 2251(a), the Government will have to establish that Mayer *actually* persuaded, induced, or enticed Minor A to engage in the production of child pornography, but to prove a violation of § 2422(b), the Government must prove only that Mayer *attempted* to persuade, induce, or entice Minor A to engage in the production of child pornography.  Third, to prove a violation of § 2422(b), the Government must prove that Mayer *knowingly used* a facility and means of *interstate commerce* in attempting to persuade, induce, or entice Minor A to engage in the production of child pornography, whereas § 2251 contains no knowledge requirement pertaining to interstate commerce.  Fourth, to prove a violation of § 2251(a), the Government must prove that Mayer acted *with the purpose* of producing a visual depiction of sexually explicit conduct, whereas § 2422(b) has no such element.  Consequently, the Court finds that Count 6 is not multiplicitous of Count 1 or Count 2 and recommends that Mayer's motion to dismiss be denied.

## IV. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Travis Kyle Mayer's Motion to Dismiss Multiplicitous Counts [Doc. No. 64] be **DENIED**; and

2. Defendant Travis Kyle Mayer's Motion to Suppress Search and Seizure Evidence [Doc. No. 65] be **DENIED**.

Dated:  December 10, 2019         s/ *Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in D. Minn. LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.