UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
19-cr-96 (WMW/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPRESS EVIDENCE** |
| v. | |
| TRAVIS KYLE MAYER, | |
| Defendant. | |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, Melinda A. Williams and Alexander D. Chiquoine, Assistant United States Attorneys, hereby submits its response to defendant Travis Mayer's motion to suppress evidence obtained from unlawful searches and seizures (Dkt. 93).

Mayer argues that the government's warrantless search of his incoming and outgoing mail at Sherburne County Jail violates his rights under the Fourth Amendment and the fruits of those searches—his mail—should be suppressed. Mayer acknowledges that he brought this same motion—claiming that he was not informed or aware that his mail was subjected to monitoring—in *United States v. Travis Kyle Mayer*, 19-244 (PAM/DTS) (Dkt. 20, 21). Mayer further acknowledges that the issue is being fully litigated in that case; Magistrate Judge Schultz held a hearing on the issue, and took testimony on the same (Dkt. 24, 29), and the parties are currently in the process of filing post-hearing briefing.

Mayer suggests that the parties stipulate to the record and the report and recommendation in his 19-244 case being adopted by this Court, with both parties retaining their right to object to the recommendation to the district court in this matter. The government agrees with this approach, for reasons of judicial efficiency.

If this Court wishes to consider the matter anew, the government would suggest that this court consider the motions, exhibits, and transcripts from the earlier hearing as the evidence in this case, and issue its own report and recommendation. In either case, the government agrees with the defendants—a hearing on this matter is unnecessary and inefficient.

Regardless of the approach the Court takes, the government would note that the defendant's motion lacks all factual and legal merit and should be denied.

It is a central tenant of suppression law that a defendant does not have a per se privacy interest in the property at issue, even if it was seized from his possession. *See United States v. Salvucci*, 448 U.S. 83, 86-92 (1980). Long ago, the Supreme Court did away with the assumption that defendants had automatic standing to raise suppression challenges. *Id.* at 93 ("We are convinced that the automatic standing rule of Jones has outlived its usefulness in this Court's Fourth Amendment jurisprudence. The doctrine now serves only to afford a windfall to defendants whose Fourth Amendment rights have not been violated." (emphasis original)). Instead, to establish standing, defendants bear the initial burden of showing they had a subjective and reasonable expectation of privacy in the property or place searched. *United States v. Mosley*, 878 F.3d 246, 255 (8th Cir. 2017) ("Fourth Amendment rights

2

are personal rights that may not be asserted vicariously. An individual asserting Fourth Amendment rights must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." (quotations omitted)); *United States v. Lewis*, 864 F.3d 937, 941 (8th Cir. 2017) (same).

A general matter, inmates have considerably diminished expectations of privacy, including in their mail and communications. *See Bell v. Wolfish*, 441 U.S. 520, 557 (1979) ("[G]iven the realities of institutional confinement, any reasonable expectation of privacy that a detainee retained necessarily would be of a diminished scope."); *Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984) (rejecting the claim that an inmate had a reasonable expectation of privacy in his cell); *Stockdale v. Dwyer*, No. 1:06-CV-25 CAS, 2007 WL 2994316, at *12 (E.D. Mo. Oct. 11, 2007) ("Given the realities of institutional confinement, any reasonable expectation of privacy an inmate retains is necessarily of diminished scope. Courts have consistently recognized that the Fourth Amendment rights of prisoners are limited." (citations omitted)). Moreover, the warrantless interception and search of an inmate's mail and other communications (e.g. phone calls) does not violate the Fourth Amendment, especially when the inmate is aware that his communications are subject to monitoring and jail officials have a reasonable justification—such as institutional safety and security—for the search. *See Gassler v. Wood*, 14 F.3d 406, 408 n. 5 (8th Cir. 1994) (collecting cases); *United States v. Brown*, 878 F.2d 222, 225 (8th Cir. 1989); *United States v. Lindsey*, No. CRIM. 10-cr-15 (JNE/JJK), 2010 WL 4822939, at *42 (D. Minn. July 20, 2010), report and recommendation adopted in relevant part, 2010

WL 4822925 (D. Minn. Nov. 22, 2010), aff'd in relevant part, 702 F.3d 1092 (8th Cir. 2013) ("Prison officials do not commit a constitutional violation by reading a prisoner's outgoing mail because prison officials have an interest in screening mail for contraband and threats to prison safety and security."); *Dwyer*, 2007 WL 2994316 at *13 (collecting cases).

In this case, Mayer has not, and cannot, establish that he had a subjectively held and objectively reasonable expectation of privacy in his jail mail. Mayer was informed that his mail, incoming and outgoing, was subject to inspection. Indeed, Mayer said as much in numerous letters, even writing messages directed at the prosecution team in his mail to other people.

## Conclusion

The Court should ultimately deny the defendant's motions to suppress. The parties agree that an additional evidentiary hearing is not needed—as it has effectively already occurred. The parties suggest that the parties stipulate that the report and recommendation in *United States v. Travis Kyle Mayer*, 19-244 (PAM/DTS) apply to this case as well, with both parties preserving their ability to make objections to that recommendation to the district court in this case. Or, alternatively, the parties suggest that this Court consider the motions, exhibits, and transcripts from the earlier hearing as the evidence in this case, with the identical issue, and issue its own report and recommendation.

Dated: January 21, 2020					Respectfully Submitted,

                 ERICA H. MacDONALD
                 United States Attorney

                 */s/ Melinda A. Williams*

                 BY: MELINDA A. WILLIAMS
                 Assistant United States Attorney
                 Attorney ID No. 491005DC
                 ALEXANDER D. CHIQUOINE
                 Assistant United States Attorney
                 Attorney ID No. 0396420MN

5