UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 19-cr-0096 (WMW/HB) |
|---|---|
| Plaintiff, | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| v. | |
| Travis Kyle Mayer, | |
| Defendant. | |

This matter is before the Court on the December 10, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 82.) The R&R recommends denying Defendant Travis Kyle Mayer's motion to dismiss multiplicitous counts and motion to suppress evidence. Mayer filed timely objections to the R&R. For the reasons addressed below, Mayer's objections are overruled and the December 10, 2019 R&R is adopted.

## BACKGROUND

The United States charged Mayer by indictment on April 1, 2019, with distributing child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); transferring obscene matter to a minor in violation of 18 U.S.C. § 1470; and committing a felony offense involving a minor while being required to register as a sex offender in violation of 18 U.S.C. § 2260A.

On September 25, 2019, the United States filed a superseding indictment alleging six additional counts. In particular, the superseding indictment adds two counts of

production and attempted production of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 3559(e); two counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2); one count of attempted and actual coercion and enticement in violation of 18 U.S.C. §§ 2422(b) and 3559(e); and one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).

Mayer moves to dismiss multiplicitous counts, arguing that Count 6 of the superseding indictment is based on exactly the same conduct that is alleged in Count 1 and Count 2 of the superseding indictment. Mayer also moves to suppress two mobile phones—one that was seized from him in September 2017 and another that was seized from him in September 2018. The magistrate judge held an evidentiary hearing as to Mayer's motions on October 11, 2019, at which the United States called FBI Special Agent Dennis Howe, Jr., to testify about the seizure of phones from Mayer. Neither party called any other witnesses. After the evidentiary hearing, the magistrate judge ordered supplemental briefing on the motions.

In the December 10, 2019 R&R that followed, the magistrate judge recommends denying both of Mayer's motions. With respect to the phone seized from Mayer in September 2017, the R&R determines that Mayer had no subjective expectation of privacy in the phone because he denies that it belongs to him. In the alternative, the R&R determines that the exigent-circumstances exception to the warrant requirement applies because officers reasonably believed that Mayer could have been attempting to destroy evidence on the phone when they seized it from him. As to the phone seized from Mayer in September 2018, the R&R observes that, after the evidentiary hearing, Mayer conceded

that law enforcement officers lawfully seized this phone. And with respect to Mayer's motion to dismiss, the R&R determines that Count 6 is not multiplicitous of Count 1 and Count 2 because the offenses require proof of different facts. Mayer filed timely objections to the R&R, and the United States filed a timely response.

**ANALYSIS**

This Court reviews de novo those aspects of the R&R to which Mayer objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Mayer objects to the R&R's recommendations to deny his motion to suppress the phone seized from him in September 2017 and his motion to dismiss multiplicitous counts. The Court addresses each objection in turn.

**I.     Motion to Suppress**

Mayer argues that his motion to suppress the phone seized from him in September 2017 should be granted.[1] The facts material to Mayer's objections are not in dispute. Mayer was on parole in September 2017 and one condition of his parole was that he was prohibited from using devices that could access the Internet. When law enforcement officers conducted a parole check on Mayer at the Countryside Inn Motel, they asked him whether he had a phone. Mayer responded that he did not want to get in trouble and pulled a phone from his pocket. After doing so, Mayer leaned away from the officers and

---

[1]     Mayer does not object to the R&R's recommendation to deny his motion to suppress the phone seized from him in September 2018, which he now concedes was a lawful seizure.

attempted to do something with the phone while preventing the officers from seeing what he was doing. At that point, the officers forcefully seized the phone from Mayer, who resisted and struggled to keep the phone.

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A defendant has the burden to prove that he had a legitimate expectation of privacy that was violated by a challenged seizure. *United States v. Douglas*, 744 F.3d 1065, 1069 (8th Cir. 2014). To determine whether a defendant had a legitimate expectation of privacy in a seized object, a district court "must determine: (1) whether the [defendant] has asserted a subjective expectation of privacy, and (2) whether the [defendant's] subjective expectation is objectively reasonable." *United States v. Kiser*, 948 F.2d 418, 423 (8th Cir. 1991).

Mayer first contends that the R&R erred by determining that "Mayer had no expectation of privacy in his person." But that is not what the R&R determined. The R&R determined that Mayer had no subjective expectation of privacy in *the seized object*— namely, the phone. The phone was not seized during a search of Mayer's person. Rather, Mayer pulled the phone from his pocket and held it in plain view of the officers. As such, it is the seizure of the phone, not a search of Mayer, that is at issue. Because this aspect of Mayer's objection is inconsistent with the record and the R&R's determinations, the objection is unavailing.

Mayer also disputes the R&R's determination that he lacked a subjective expectation of privacy in the phone. A defendant's "subjective expectation of privacy" in

4

a seized object is a question of fact to be resolved based on whether the defendant, "by his conduct, has exhibited an actual (subjective) expectation of privacy," such as by "show[ing] that he seeks to preserve something as private." *Smith v. Maryland*, 442 U.S. 735, 740 (1979) (internal quotation marks omitted); *accord Kiser*, 948 F.2d at 423–24. Here, it is undisputed that Mayer attempted to shield the phone from officers' view and struggled to retain the phone when officers forcefully seized it from him. Through his conduct at the time of the seizure, Mayer arguably exhibited a subjective expectation of privacy by seeking to preserve the phone as private. But later, after the officers had seized the phone and arrested Mayer, Mayer denied that the phone belonged to him and told officers that the phone was given to him by a friend earlier that night. On this record, Mayer has not satisfied his burden to demonstrate that he exhibited a subjective expectation of privacy.

Even if Mayer arguably exhibited a subjective expectation of privacy at the time of the seizure, the record demonstrates that such an expectation of privacy was not objectively reasonable. It is undisputed that the conditions of Mayer's parole prohibited him from possessing Internet-capable devices and required Mayer to submit himself and his property to searches by his parole officer. "[A]ny interest in possessing contraband cannot be deemed 'legitimate,' and thus, governmental conduct that *only* reveals the possession of contraband compromises no legitimate privacy interest." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005). Regardless of its contents, the Internet-capable phone seized from Mayer was contraband in his possession by virtue of his conditions of parole. *See* Black's Law Dictionary (11th ed. 2019) (defining "contraband" to include "[g]oods that are unlawful to

5

. . . possess"). Moreover, when a court imposes a search condition on a probationer, the probationer's reasonable expectation of privacy is "significantly diminished." *United States v. Knights*, 534 U.S. 112, 119-20 (2001); *accord United States v. Makeeff*, 820 F.3d 995, 1000 (8th Cir. 2016). Therefore, Mayer lacked an objectively reasonable expectation of privacy in the phone seized from him in September 2017.

For these reasons, Mayer's objections to this aspect of the R&R are overruled, and this aspect of the R&R is adopted.

## II. Motion to Dismiss Multiplicitous Counts

Mayer next argues that his motion to dismiss multiplicitous counts should be granted. Notably, Mayer's objection to this aspect of the R&R is not accompanied by any meaningful argument or analysis, but instead summarily "relies on and reasserts the arguments already made" to the magistrate judge. Objections to an R&R that "merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Mayer's arguments lack merit under either standard, however.

"An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Bernhardt*, 903 F.3d 818, 825 (8th Cir. 2018) (internal quotation marks omitted). When "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Id.* (internal quotation marks omitted). In his supplemental brief to the magistrate judge, Mayer

6

expressly agrees with the United States that this is the correct legal standard. And the magistrate judge applied this standard, determining that the challenged counts in the superseding indictment differ in their elements of proof in four distinct ways. Mayer does not even attempt to identify any error in the magistrate judge's analysis, nor does this Court discerned any.[2]

For these reasons, Mayer's objections to this aspect of the R&R are overruled, and this aspect of the R&R is adopted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Travis Kyle Mayer's objections to the December 10, 2019 R&R, (Dkt. 91), are **OVERRULED**.

2. The December 10, 2019 R&R is **ADOPTED**.

3. Mayer's motion to dismiss multiplicitous counts, (Dkt. 64), is **DENIED**.

4. Mayer's motion to suppress, (Dkt. 65), is **DENIED**.


Dated: February 6, 2020                                               s/Wilhelmina M. Wright
                                                                                                   Wilhelmina M. Wright
                                                                                                   United States District Judge

---

[2]     In his supplemental brief to the magistrate judge, Mayer quotes *Almendarez-Torres v. United States* for the proposition that "[a]n indictment must set forth each element of the crime that it charges." 523 U.S. 224, 228 (1998). But as *Almendarez-Torres* did not involve alleged multiplicitous counts or include any analysis under that legal standard, *Almendarez-Torres* is inapposite to the issue presented here.

7