# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Travis Kyle Mayer,<br><br>　　　　　Defendant. | Case No. 19-cr-0096 (WMW/HB)<br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Defendant Travis Kyle Mayer's Motion to Compel Discovery [Doc. No. 94]. Mayer asks for an order requiring the Government to produce copies of all digital data it has seized from him. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the motion is granted in part and denied in part.

## I.　　Background

Mayer is charged with the production and attempted production of child pornography, distribution of child pornography, possession of child pornography, transfer and attempted transfer of obscene matter to a minor, attempted and actual coercion and enticement of a minor to engage in the production of child pornography, receipt of child pornography, and obstruction of justice. (Second Superseding Indictment [Doc. No. 83].)

### A. Mayer's Motion to Compel

Mayer filed a motion to compel discovery on January 7, 2020, seeking an order requiring the Government to disclose and produce copies of all digital data it has seized from him. (Def.'s Mot. Compel at 1 [Doc. No. 94].) The data seized from Mayer includes, *inter alia*, alleged child pornography, child erotica, Kik chats, call logs, and Facebook messenger data. Mayer argues the Government has denied him reasonable access to the alleged child pornography and refused to provide him with a complete copy of all non-pornographic data. (*Id.*) According to Mayer's attorney, Daniel L. Gerdts, each time he and Mayer have attempted to view the alleged child pornography, the Government has insisted that an agent be present in the room, operating the computer and viewing the evidence alongside them. (*Id.* at 2.) Mayer argues that he "cannot adequately prepare for trial without either having a copy of the materials themselves, or having unfettered access to the materials without being supervised by the Government's case agent." (*Id.* at 1.)

In response to Mayer's motion, the Government defended the restrictions placed on Mayer's access to child pornography as consistent with 18 U.S.C. § 3509(m).[1]

---

[1] Title 18 U.S.C. § 3509(m) prohibits the reproduction of child pornography for the purpose of protecting the rights of child victims. The statute requires in relevant part that in a criminal case, any material or data "that constitutes child pornography . . . shall remain in the care, custody, and control of either the Government or the court." § 3509(m)(1). Further, a court must deny a criminal defendant's request to copy any data that constitutes child pornography "so long as the Government makes the property or material reasonably available to the defendant." § 3509(m)(2)(A). "Reasonably available" is defined by the statute to mean that the Government has provided "ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." § 3509(m)(2)(B).

(Gov't's Mem. Opp'n Mot. Compel at 2 [Doc. No. 98].) The Government represented that it has made all contraband materials available to Mayer and his attorney for review at the U.S. Attorney's Office but refused to allow Mayer and his attorney "to remain alone in the viewing room with the government computer containing child pornography" because it would violate the Government's duty to maintain custody and control over child pornography. (*Id.* at 4.) With respect to data that does not constitute child pornography, such as child erotica, the Government contended that the data is contained in cell phones that also contain child pornography, which makes the entire cell phones off-limits. (*Id.* at 5 n.2.) The Government further contended that the amount of data is voluminous, and filtering out the child pornography would needlessly delay the case and waste resources. (*Id.*) Finally, the Government argued that Mayer does not have a general constitutional right to discovery. (*Id.*)

### B. The January 27, 2020 Motion Hearing

At the motion hearing on January 27, 2020, Mr. Gerdts said that he and an expert wanted to view and discuss the evidence with Mayer, without a government agent in the room listening to their conversation, controlling the computer, and taking notes. Mr. Gerdts maintained that his conversations with Mayer about the evidence against him are privileged and confidential. Mr. Gerdts also said that although he and Mayer wanted to view and discuss the alleged child pornography, their greater interest was in other evidence seized from Mayer's phone such as texts and emails between Mayer and the alleged minor victim. Mr. Gerdts noted that the evidence on the computer in the viewing

3

room was a copy and could not be destroyed, so any security concern about the risk of destruction or alteration of the evidence itself was not valid.

Assistant U.S. Attorney Alexander D. Chiquoine conceded that the main area of disagreement was "Mayer's presence during the viewing" of the evidence and said the Government would grant unrestricted access to all evidence to Mr. Gerdts and the expert without a law enforcement agent in the room. Mayer would not be permitted to participate, however, unless an agent was present. Mr. Chiquoine acknowledged that not just one, but two, agents had been present during Mayer's previous review of the evidence, and that the room was a relatively small conference room in which private conversations were not possible. When Mr. Gerdts and Mayer had asked to discuss certain evidence in private, the agent removed the evidence from the room and waited outside until he was asked to return. A security camera inside the room allowed the agent to view the room from the outside.

Mr. Chiquoine also advised the Court that Mayer has a pending charge for assault on a federal officer based on recent conduct at the Sherburne County Jail, as well as other disciplinary infractions, and that the Government considered Mayer to be a security risk to himself and to Mr. Gerdts. Mr. Chiquoine also raised a concern that Mayer's expert would inadvertently take images of child erotica with him, in violation of the obscenity statute, 18 U.S.C. § 1466(a).

After the attorneys stated their positions on the record at the hearing, the Court asked them to meet-and-confer about the scope of Mayer's motion and the appropriate

4

procedures to govern access to or the production of those materials. The Court instructed counsel to file a joint update letter by February 3, 2020.

### C. The February 3, 2020 Joint Update Letter

Through meeting and conferring, Mr. Gerdts and Mr. Chiquoine were able to narrow somewhat the scope of Mayer's original motion to compel. Specifically, the Government agreed to

- make available an FBI CART to explain to Mayer's expert the available electronic evidence, formatting, and redaction options;

- provide redacted reports of subsets of data (*e.g.*, Kik chats, call logs, Facebook messenger) from Mayer's 2017 and 2018 phones;

- give Mayer's expert and lawyer access to "the unredacted reports for any of the electronic devices in this matter at a Government controlled facility, without a Government agent present in the room, subject to the standard policies and procedures for such reviews";

- allow Mayer's expert to copy and take with him for private review with Mayer or his lawyer any "non-contraband and non-obscene data from any of the electronic devices in this matter, pursuant to standard policies and procedures"; and

- provide additional opportunities for Mayer, his lawyer, and his expert to review unredacted reports for "any of the electronic devices in this matter at a Government controlled facility, with a Government agent(s) present in the room."

(Joint Letter at 1–2, Feb. 2, 2020 [Doc. No. 105].) But the crux of the dispute remains. As described by the parties in the letter, the Court still must decide (1) whether Mayer "by himself, or with his defense counsel and/or expert, may view the unredacted reports [of subsets of data] without a Government agent present"; and (2) "whether the

5

Government's refusal to provide a redacted set of the [entirety of the] data is justified."

(*Id.* at 2.)

## II. Discussion

### A. Statutory Language and Purpose

Title 18 U.S.C. § 3509(m) prohibits the reproduction of child pornography and provides in relevant part:

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m).

"The manifest purpose of § 3509(m) is to prevent the unauthorized release and redistribution of child pornography that law enforcement officers and the government have gathered for use in a criminal trial." *United States v. Johnson*, 456 F. Supp. 2d 1016, 1018 (N.D. Iowa 2006). Thus, "the statute requires that the child pornography remain in the 'care, custody, and control' of the court or the government at all times." *Id.*

The requirement that "defendants, their attorneys and their experts be given 'ample opportunity for inspection, viewing, and examination' of the child pornography" assures the defendant of "every reasonable opportunity to prepare his or her defense." *Id.* at 1019.

The Government argued at the hearing that Mayer has no general constitutional right to discovery. That is beside the point. A statute—§ 3509(m)—requires the Government to make the alleged child pornography reasonably available to Mayer for inspection, viewing, and examination so that the material need not be copied or otherwise reproduced. In addition, Federal Rule of Criminal Procedure 16(a)(1)(E) provides that the government must allow a defendant, upon request, to inspect or copy evidence in "the government's possession, custody, or control" that is material to the defense, that will be used in the government's case-in-chief, or that was obtained from the defendant. The disputed data falls under at least one, and possibly all, of these categories. *See United States v. O'Rourke*, 470 F. Supp. 2d 1049, 1054 (D. Ariz. 2007). Thus, the Government's argument is a nonstarter.

The dispute at hand arises from two statutory mandates: (1) the requirement that child pornography "remain in the care, custody, and control of" the Government and (2) the requirement that the Government make the child pornography at issue "reasonably available" to a defendant, his attorney, and his expert by "provid[ing] ample opportunity for inspection, viewing, and examination at a Government facility."

### 1. Care, Custody, and Control

The Government posits that allowing Mayer to view the evidence without a government agent in the room, whether alone or with his attorney and expert, would violate its duty to maintain material constituting child pornography under its custody, care, and control. The Court disagrees. Measures such as allowing access only at a Government-controlled facility and inspecting the expert's devices for residual contraband have already been employed to ensure the evidence remains in the Government's custody, care, and control. Additional measures such as having an agent monitor the room via a videocamera without sound[2] could also be employed.

The Government has not shown that Mayer could destroy, release, or redistribute the evidence available on the computers in the secured conference room, such that the Government's statutory duty would be violated. Nor has the Government shown that allowing Mayer to review the evidence without a law enforcement agent in the room would breach its statutory mandate, especially when the Government has allowed Mr. Gerdts and the expert to view the evidence without an agent present in the room.

A case cited by the Government at the hearing, *United States v. O'Rourke*, 470 F. Supp. 2d 1049, 1052 (D. Ariz. 2007), demonstrates the ample access that can be given a defendant without contravening the custody, care, and control requirement. Early in the *O'Rourke* proceedings, the court issued a preliminary order providing

> that the examination would occur at the office of the United States Attorney at a mutually agreed upon date and time, that the Government must allow defense counsel and their experts to examine a copy of the hard drive in a

---

[2] Mr. Gerdts stated at the motion hearing that he would not object to video monitoring.

> private office, that the Government must ensure that the office is locked and
> that all persons are prohibited from entering the office without defense
> counsel or experts present (including during any times when defense
> counsel or experts leave computer equipment in the room), and that a copy
> of the Court's order must be posted on the door of the room.

*Id.* at 1057. Subsequent concessions by the government included allowing the experts to use their own computers rather than the government's computers and allowing the inspection to occur at the U.S. Marshal's office or another location where the defendant could confer privately with his lawyer and expert while viewing the evidence on the hard drive. *Id.* at 1058.

In this case, the tipping point for the Government seems to be whether Mayer is viewing the alleged child pornography: if Mayer is in the room, the Government insists a law enforcement agent must also be present in the room. But the Court fails to see how Mayer's presence in the room means the material is no longer in the Government's care, custody, and control. Mayer cannot destroy, remove, or replicate the evidence, with or without an agent present. Consequently, the Court finds that allowing Mayer to view the disputed material without a government agent in the room would have no effect on whether the material remains in the care, custody, and control of the Government.

### 2. Ample Opportunity for Inspection, Viewing, and Examination

The Court now turns to whether Mayer has received an ample opportunity to inspect, view, and examine the alleged child pornography. Mayer argues the statutory term "ample opportunity for inspection, viewing, and examination" requires an opportunity to review and discuss material that allegedly constitutes child pornography with his attorney and expert, without a government agent in the room.

9

The *O'Rourke* court considered the statutory terms "reasonably available" and "ample opportunity" in the context of the defendant's due-process challenge to § 3509(m). 470 F. Supp. 2d at 1055–56. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations," including the essential right to call witnesses, such as an expert, on one's behalf. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) (quoted in *O'Rourke*, 470 F. Supp. 2d at 1055.) The *O'Rourke* court determined that an "ample opportunity" to inspect, view, and examine evidence must

> mean a more than adequate opportunity to inspect, view, and examine the evidence in question. Such an opportunity is akin to the due process requirement that a criminal defendant be afforded "fair opportunity to defend against the State's accusations" and be free from "arbitrary or disproportionate" restrictions on his right to confront witnesses and present evidence.

470 F. Supp. 2d at 1056; *see also United States v. Mitchell*, 128 F. Supp. 3d 1266, 1275 (E.D. Cal. 2015) (describing "ample opportunity" as that which "is reasonably necessary to satisfy due process"); *United States v. Spivack*, 528 F. Supp. 2d 103, 105 (E.D.N.Y. 2007) (considering the defendant's Fifth and Sixth Amendment challenges to § 3509(m) under the umbrella of due process). Accordingly, to comply with the statute, "the Government must either give the defense team due-process-level access to the hard drive at a Government facility or must give the defense team a copy of the hard drive." *O'Rourke*, 470 F. Supp. 2d at 1056. The *O'Rourke* court concluded the government's accommodations and concessions in that case were consistent with due process. *Id.* at 1058.

The Court finds here that due process requires that Mayer be given an opportunity to privately inspect, view, examine, and discuss the alleged child pornography with Mr. Gerdts and his expert. Section 3509(m) allows for the inspection, viewing, and examination by a defense attorney, a defense expert, *and* the defendant himself. The Constitution confers the right on a criminal defendant "to speak candidly and confidentially with counsel free from unreasonable government interference." *Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000) (assessing the right under the Sixth Amendment). Similarly, a criminal defendant "does not enjoy the effective aid of counsel if he is denied the right of private consultation with him." *Coplon v. United States*, 191 F.2d 749, 757 (D.C. Cir. 1951) (*quoted in Mastrian v. McManus*, 554 F.2d 813, 821 (8th Cir. 1977)); *see Johnson-El v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989) (stating that "due process can also be compromised by a lack of privacy in consultations with counsel").

Mr. Gerdts has indicated that he does not object to having an agent monitor the room via a videocamera without sound. (Mot. Hr'g Tr. at 37, 39 [Doc. No. 109].) The Court is not persuaded that the Government has demonstrated a need to have an agent in the room during the inspection in order to adequately assure the security of Mayer and his attorney.[3] So long as the agent is able to monitor the videocamera from a location close to the room that allows for a prompt response if a security issue is observed, the Court

---

[3] Indeed, counsel for the Government acknowledged that during previous inspections, when Mr. Gerdts and Mayer wished to speak privately, the agents in the room would gather the evidence and take it out of the room, leaving Mr. Gerdts and Mayer alone.

finds this measure not only would be consistent with due process but also would address the Government's security concerns about Mr. Gerdts' and Mayer's safety.

### B. The Government's Refusal to Provide a Redacted Set of the Data

According to the parties' February 3, 2020 letter, the Government has agreed to provide access to or actual materials consisting of "[r]edacted reports of subsets of data (e.g., Kik chats, call logs, Facebook messenger, etc.) from the Defendant's 2017 and 2018 phones." The letter further states that the parties "disagree on whether the Government's refusal to provide a redacted set of the data is justified." Although it is not entirely clear, the Court understands the delta to be data such as child erotica that does not constitute child pornography but that would be difficult to filter from the alleged child pornography.

Federal Rule of Criminal Procedure 16(a)(1)(E) provides:

(E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

    (i) the item is material to preparing the defense;

    (ii) the government intends to use the item in its case-in-chief at trial; or

    (iii) the item was obtained from or belongs to the defendant.

The Court believes Rule 16(a)(1)(E)(iii) is directly applicable, though subsections (i) and (ii) may also apply. Under 16(a)(1)(E)(iii), Mayer is entitled to inspect and copy the data, except the alleged child pornography, contained on the cell phones that were seized from him.

Though the Government argued that filtering out the alleged child pornography would be time-consuming and a waste of resources, the Government provided no affidavit or other evidence to support its claim of burden. Nor did the Government cite any legal authority to support its position that discovery otherwise authorized by Rule 16(a)(1)(E) could be withheld if inefficient or costly to produce.

The Government also argued that allowing Mayer's expert to make a copy of the child erotica would violate the obscenity statute, 18 U.S.C. § 1466(a). This statute provides:

> Whoever is engaged in the business of producing with intent to distribute or sell, or selling or transferring obscene matter, who knowingly receives or possesses with intent to distribute any obscene book, magazine, picture, paper, film, videotape, or phonograph or other audio recording, which has been shipped or transported in interstate or foreign commerce, shall be punished by imprisonment for not more than 5 years or by a fine under this title, or both.

The Court presumes that the Government is not in the business of producing, selling, or transferring obscene matter; thus, § 1466(a) would not apply to it. Similarly, the Court presumes that if Mayer's expert receives or possesses a copy of the child erotica, he does not intend to distribute it; thus, § 1466(a) would not apply to the expert.

In closing, the Court notes that Rule 16(a)(1)(E) requires the Government to permit Mayer to inspect and copy the data that does not constitute child pornography that was obtained from Mayer. The Rule does not, however, require the Government to make the copies or bear the expense.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Travis Kyle Mayer's Motion to Compel Discovery [Doc. No. 94] is **GRANTED IN PART** and **DENED IN PART** as set forth fully above.

Dated:  February19, 2020        s/ *Hildy Bowbeer*
    HILDY BOWBEER
    United States Magistrate Judge