UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Travis Kyle Mayer,<br><br>Defendant. | Case No. 19-cr-0096 (WMW/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Defendant Travis Kyle Mayer's Motion to Sever Counts 7 and 8 of the Third Superseding Indictment [Doc. No. 151]. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The parties agreed the motion could be addressed without an evidentiary hearing or oral argument. For the reasons set forth below, the Court recommends that the motion be denied.

Counts 7 and 8 of the Third Superseding Indictment [Doc. No. 151] charge Mayer with Receipt of Child Pornography on or about September 6, 2017 (Count 7) and Possession of Child Pornography on or about August 20, 2017 (Count 8). The other counts in the Indictment are: Production and Attempted Production of Child Pornography on or about May 22, 2018 (Count 1); Production and Attempted Production of Child Pornography on or about July 17, 2018 (Count 2); Distribution of Child Pornography on

or about August 8, 2018 (Count 3); Possession of Child Pornography on or about April 18, 2018 (Count 4); Coercion and Enticement of a Minor from April 1, 2018, through August 8, 2018 (Count 5); Committing a Felony Involving a Minor While Required to Register as a Sex Offender from April 1, 2018, through August 8, 2018 (Count 6); and Obstruction of Justice from June 20, 2019, through October 11, 2019 (Count 9). Counts 1–6 and 9 arise from allegations of an online relationship between Mayer and a minor (Minor A) in April through August 2018. Counts 7 and 8 charge receipt and possession of child pornography in 2017 and do not relate to Minor A.

Federal Rule of Criminal Procedure 8(a) permits offenses to be joined in an indictment "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Mayer contends Counts 7 and 8 were improperly joined with the other counts because they are completely unrelated to Mayer's alleged conduct with respect to Minor A, are not similar in character or based on overlapping evidence, and are not part of a common scheme or plan. The Government responds that Mayer's motion is untimely and the counts were properly joined.

The Court will assume *arguendo* that Mayer has shown good cause to file the motion to sever Counts 7 and 8 at this stage of the case and that the motion is therefore timely. Proceeding to the merits, the Court finds Counts 7 and 8 were properly joined with the other counts in the Third Superseding Indictment. The offenses charged in Counts 7 and 8 (receipt and possession of child pornography) are similar to the offenses charged in Counts 1–6. "[C]harges of enticement of a minor to engage in illicit sexual

activities, receiving child pornography, and production of child pornography 'are of the same or similar character' because they show [a] predisposition to abnormal sexual attraction . . . ." *United States v. Reynolds*, 720 F.3d 665, 670 (8th Cir. 2013). That Counts 7 and 8 do not arise from Mayer's alleged conduct involving Minor A is not in and of itself a reason for severance. *See id.* at 669-70 (affirming denial of motion to sever counts involving one victim from counts involving a different victim). The conduct charged in Counts 1–8 could be considered parts of an alleged common plan or scheme by Mayer to sexually exploit children online. (Gov't Resp. at 7 [ECF No. 152].) *See Reynolds*, 720 F.3d at 670 (finding the joined charges were parts of a common plan or scheme because of the use of online activity to solicit and receive child pornography). The Court concludes here that Counts 7 and 8 were properly joined with Counts 1–6 and 9.

Federal Rule of Criminal Procedure 14(a) allows a court to sever counts, even if properly joined, where the joinder would prejudice the defendant.

Mayer claims that joinder is prejudicial given the nature of the photographs founding the basis for Counts 7 and 8 ("images of a prepubescent girl performing oral sex on an adult male" and "images depicting a naked prepubescent girl engaged in vaginal intercourse with an adult male") compared with the images founding the basis for Counts 1–6 (*i.e.*, "close-up images of Minor A's vagina, which she is spreading with her fingers"). The Government responds that it will introduce at trial images other than those described in Counts 1–8 (including child pornography and oral, anal, and vaginal penetration) to show Mayer's alleged repeated efforts to obtain such images, alleged

3

campaign to coerce and sexually exploit young girls, and alleged identity, intent, and motive. (Gov't Resp. at 10–11.) Even if Counts 7 and 8 were severed, the Government would offer pursuant to Rule 404(b) the evidence of those counts at a separate trial of the other counts.

"[A] defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime." *United States v. Erickson*, 610 F.3d 1049, 1055 (8th Cir. 2010). A court may consider the potential admissibility of evidence under Rule 404(b) in determining whether joinder of counts is prejudicial. *Id.* Rule 404(b)(2) provides that evidence of other crimes, wrongs, or acts may be admissible to prove motive, intent, or plan, among others. Mayer offers no substantive argument why the images constituting the evidence of Counts 7 and 8 would not be admissible under Rule 404(b)(2) in a separate trial on the other counts; he merely challenges the Government's reliance on Rule 404(b)(2) to oppose severance. (Def.'s Reply at 4 [ECF No. 155].) But the caselaw is clear that a Court can consider the admissibility of evidence under Rule 404(b) in assessing prejudice under Rule 14. *Erickson*, 610 F.3d at 1055; *United States v. Taken Alive*, 513 F.3d 899, 903 (8th Cir. 2008). It is Mayer's burden to demonstrate prejudice. *United States v. Geddes*, 844 F.3d 983, 989 (8th Cir. 2017).

This Court makes no final determination of admissibility under Rule 404(b) because that is a matter for the trial court. Furthermore, the Court's determination is limited to the record and arguments at hand. With those qualifications, the Court finds that evidence of Counts 7 and 8 would be probative and likely admissible in a separate

trial of the other counts. Mayer has not shown otherwise, and it is his burden to show prejudicial joinder.

Mayer also argues in his reply that he intends to testify about the offenses charged in Counts 1–6 but not about the offenses charged in Counts 7 and 8. The Court fails to see the relevance of Mayer's litigation strategy about whether to testify and the subject matter of his testimony to whether the counts should be severed due to prejudice.

Of final note, Mayer finds fault with the "bevy of false and unsupported allegations" in the Government's response. (Def.'s Reply at 1.) The Court agrees the Government took a great deal of liberty in describing the facts underlying the dispute, but the Court does not recommend that the response be stricken, as Mayer requests. The Court is well able to distinguish between facts of record and attorney argument and has tailored its consideration of the response accordingly.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Travis Kyle Mayer's Motion to Sever Counts 7 and 8 of the Third Superseding Indictment [Doc. No. 151] be **DENIED**.

Dated: April 12, 2021         *s/ Hildy Bowbeer*
                              HILDY BOWBEER
                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of

Appeals. Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in D. Minn. LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.