UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Travis Kyle Mayer,<br><br>Defendant. | Case No. 19-cr-0096 (WMW/HB)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

This matter is before the Court on the April 12, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer.  (Dkt. 156.)  The R&R recommends denying Defendant Travis Kyle Mayer's motion to sever Counts 7 and 8 of the third superseding indictment.  Mayer filed timely objections to the R&R.  For the reasons addressed below, Mayer's objections are overruled, the April 12, 2021 R&R is adopted, and Mayer's motion to sever is denied.

## BACKGROUND

The United States charged Mayer by indictment on April 1, 2019, with distributing child pornography, transferring obscene matter to a minor, and committing a felony offense involving a minor while being required to register as a sex offender.  In a first superseding indictment, filed on September 25, 2019, the United States alleged six additional counts: two counts of production and attempted production of child pornography, two counts of possession of child pornography, one count of attempted and actual coercion and enticement of a minor, and one count of receipt of child pornography.  And in a

December 11, 2019 second superseding indictment, the United States added one count of obstruction of justice. The United States filed a third superseding indictment on February 16, 2021. The third superseding indictment does not allege any new offenses, but it alleges different conduct in support of the previously alleged offenses.

Mayer now moves to sever Counts 7 and 8 of the third superseding indictment, which allege, respectively, that Mayer received child pornography on or about September 6, 2017, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and that Mayer possessed child pornography on or about August 20, 2017, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Whereas Counts 1 through 6 and 9 arise from allegations involving an online relationship between Mayer and a minor (Minor A) in 2018, Counts 7 and 8 allege receipt and possession of child pornography in 2017 and do not relate to Minor A. According to Mayer, Counts 7 and 8 are improperly joined because they "have nothing whatsoever to do with the alleged relationship with Minor A." Mayer also contends that, even if joinder of these counts were proper, the joinder is prejudicial to him.

In the pending R&R, the magistrate judge rejects Mayer's arguments and recommends denying Mayer's motion to sever. In particular, the R&R determines that Counts 7 and 8 were properly joined both because they are similar to the offenses charged in Counts 1 through 6 and because they could be considered part of an alleged common plan or scheme by Mayer to sexually exploit children online. The R&R also concludes that Mayer has not established that he would be prejudiced by the joinder of Counts 7 and 8. Mayer filed timely objections to the R&R, and the United States responded.

## ANALYSIS

This Court reviews de novo those aspects of the R&R to which Mayer objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Mayer objects to the R&R's recommendation to deny his motion to sever, arguing that Counts 7 and 8 of the third superseding indictment are improperly joined and that the joinder, even if proper, will prejudice Mayer.[1] The Court addresses each argument in turn.

### I.     Joinder

Mayer first objects to the R&R's determination that Counts 7 and 8 of the third superseding indictment are properly joined.

An indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The "joinder of all offenses against a defendant is a favored practice," *United States v. Humphreys*, 982 F.2d 254, 259 (8th Cir. 1992), and the federal rules of criminal procedure "are to be liberally construed in favor of joinder," *United States*

---

[1]     In his objections, Mayer asserts that he "incorporates the arguments previously made a part of the record" and seeks full "*de novo* review" of the R&R. But when a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). As such, the Court limits its *de novo* review to the specific objections advanced by Mayer and reviews for clear error those aspects of the R&R to which Mayer does not specifically object. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Crim. P. 59(b)(3).

*v. Robinson*, 781 F.3d 453, 460 (8th Cir. 2015) (internal quotation marks omitted). Here, the R&R concludes that Counts 7 and 8 of the third superseding indictment are properly joined for two distinct reasons: (1) they are similar to the offenses charged in Counts 1 through 6, and (2) they could be considered part of an alleged common plan or scheme by Mayer to sexually exploit children online.

Mayer argues that Counts 7 and 8 are neither of the same or similar character as Counts 1 through 6 nor a part of a common plan or scheme. In support of this argument, Mayer asserts that, unlike Counts 1 through 6, Counts 7 and 8 do not involve Minor A but instead involve the alleged receipt and possession of "random" images of child pornography from a Russian website. "The charges of enticement of a minor to engage in illicit sexual activities, receiving child pornography, and production of child pornography are of the same or similar character because they show [a defendant's] predisposition to abnormal sexual attraction" and "desire to engage in sexual activities with female minors." *United States v. Reynolds*, 720 F.3d 665, 670 (8th Cir. 2013) (internal quotation marks omitted) (affirming denial of motion to sever counts). Such charges also are of the same or similar character because they tend to rebut any claim that the defendant "was trapped into receiving child pornography." *Id.* Similarly, such charges may constitute part of a common scheme or plan because they involve the use of the Internet to exploit minors to obtain pornographic images and fulfill an "abnormal sexual attraction." *Id.*

Here, Counts 1 through 8 involve the exploitation of minors through, among other methods, the use of the Internet to receive and possess child pornography during a two-year timeframe. The fact that not all of the counts involve the same alleged victim is

4

immaterial. *See id.* (affirming denial of motion to sever counts pertaining to child exploitation that involved different victims). Mayer nonetheless contends that *Reynolds* is inapposite because that case involved *identified* victims that the defendant specifically targeted, whereas in this case Counts 7 and 8 involve the alleged receipt and possession of "random" images from the Internet. But this distinction does not undermine the reasoning of the analysis in *Reynolds*. As in *Reynolds*, all of the allegations in this case involve the exploitation of minors over the Internet to obtain illicit pornographic images. Moreover, for the charges against Mayer to comprise a common scheme or plan, the United States need not allege that Mayer had an affiliation with the Russian website where some of the pornographic images allegedly were obtained. Rather, the charges against Mayer comprise a common scheme or plan because they all involve the use of the Internet to exploit minors to obtain pornographic images and fulfill an "abnormal sexual attraction." *Id.*

For these reasons, joinder of the counts in the third superseding indictment is proper, and Mayer's arguments to the contrary lack merit. Mayer's objections to this aspect of the R&R are overruled.

## II. Prejudice

Mayer also objects to the R&R's conclusion that the joinder of Counts 7 and 8 in the third superseding indictment will not prejudice him.

If the joinder of offenses in an indictment "appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the general

5

efficiency of joinder." *United States v. Kirk*, 528 F.3d 1102, 1107 (8th Cir. 2008) (internal quotation marks omitted). "Accordingly, separate trials are required only where prejudice caused by a joint trial is severe or compelling." *Id.* at 1107–08 (internal quotation marks omitted). There is "a strong presumption against severing properly joined counts," and the "defendant bears the burden of establishing prejudice." *United States v. Garrett*, 648 F.3d 618, 626 (8th Cir. 2011) (internal quotation marks omitted).

"A defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime." *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018) (internal quotation marks omitted). The R&R concludes that evidence of Mayer's receipt and possession of child pornography in September and August 2017 (Counts 7 and 8) likely would be admissible as evidence in a trial involving the alleged exploitation of Minor A in 2018 (Counts 1 through 6). "Evidence of any other crime, wrong, or act" may be admissible for limited purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). Mayer vaguely argues that there "is no conceivable purpose under Rule 404(b)" for which evidence that Mayer received and possessed child pornography in 2017 may be admissible in a trial involving Mayer's alleged conduct with Minor A in 2018. But this argument lacks merit. Evidence that Mayer received and possessed child pornography at an earlier date could be probative of, among other things, Mayer's motive, intent, and lack of mistake or accident with respect to his alleged subsequent conduct with Minor A. *See* Fed. R. Evid. 404(b)(2); *cf. United States v. Taken Alive*, 513 F.3d 899, 903 (8th Cir. 2008) ("In separate trials, admitting [evidence of another]

6

assault to show absence of mistake or accident or to show intent would not be an abuse of the trial court's discretion, and the separate juries would likely know about both assaults."). As such, the R&R correctly concludes that evidence pertaining to Counts 7 and 8 likely could be admissible in a trial involving Counts 1 through 6. Mayer's objection to this conclusion is overruled.

Mayer also argues that he will be severely prejudiced by the joinder of these counts because it will deprive him of the ability to offer testimony as to some charges but exercise his right to remain silent as to the other charges, due to the risk of being cross-examined as to all of the charges. Severance of counts in order to preserve a defendant's right either to testify or to remain silent is required "only when a defendant has made a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." *United States v. Mann*, 701 F.3d 274, 291 n.9 (8th Cir. 2012) (internal quotation marks omitted). When making such a showing, "it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine." *Id.* (internal quotation marks omitted). Such a showing enables the district court to "intelligently . . . weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying." *Id.* (internal quotation marks omitted). Mayer had two opportunities to make such a showing—first, to the magistrate judge, and second, in his objections to the magistrate judge's R&R. Mayer did not make the requisite showing in either instance. As such, Mayer has not satisfied his

burden to demonstrate that his right either to testify or to remain silent will be severely prejudiced if Counts 7 and 8 are not severed. Mayer's objection on this basis is denied.

### III. Clear-Error Review

Because Mayer does not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *accord Grinder*, 73 F.3d at 795. Having carefully performed this review, the Court finds no clear error and adopts the R&R.

### ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Travis Kyle Mayer's objections to the April 12, 2021 R&R, (Dkt. 159), are **OVERRULED**.

2. The April 12, 2021 R&R, (Dkt. 156), is **ADOPTED**.

3. Mayer's motion to sever counts, (Dkt. 151), is **DENIED**.

Dated: May 20, 2021

s/Wilhelmina M. Wright  
Wilhelmina M. Wright  
United States District Judge