UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-0096 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS IN LIMINE** |
| Travis Kyle Mayer, | |
| Defendant. | |

This matter is before the Court on Plaintiff United States of America's six motions in limine, (Dkts. 164–169), and Defendant Travis Kyle Mayer's three motions in limine, (Dkts. 178–80).  For the reasons addressed below, the motions are granted in part and denied in part.

The United States charged Mayer by indictment on April 1, 2019, with distributing child pornography, transferring obscene matter to a minor, and committing a felony offense involving a minor while being required to register as a sex offender.  In a first superseding indictment, filed on September 25, 2019, the United States alleged six additional counts: two counts of production and attempted production of child pornography, two counts of possession of child pornography, one count of attempted and actual coercion and enticement of a minor, and one count of receipt of child pornography.  In a December 11, 2019 second superseding indictment, the United States added one count of obstruction of justice.  The United States filed a third superseding indictment on February 16, 2021, which does not allege any new offenses but alleges different conduct in support of the offenses

previously alleged.  The third superseding indictment charges Mayer with the following

nine offenses:

> **Count 1:** Production and Attempted Production of Child Pornography (2018), in violation of 18 U.S.C. §§ 2251(a), 2251(e), 3559(e).
> **Count 2:** Production and Attempted Production of Child Pornography (2018), in violation of 18 U.S.C. §§ 2251(a), 2251(e), 3559(e).
> **Count 3:** Distribution of Child Pornography (2018), in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1).
> **Count 4:** Possession of Child Pornography (2018), in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2).
> **Count 5:** Coercion and Enticement of a Minor (2018), in violation of 18 U.S.C. § 2422(b), 3559(e).
> **Count 6:** Committing a Felony Involving a Minor While Required to Register as a Sex Offender (2018), in violation of 18 U.S.C. § 2260A.
> **Count 7:** Receipt of Child Pornography (2017), in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1).
> **Count 8:** Possession of Child Pornography (2017), in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2).
> **Count 9:** Obstruction of Justice (2019), in violation of 18 U.S.C. § 1503.

Mayer remains in pretrial custody at Sherburne County Jail (Jail) in connection with

this case, and the trial is scheduled to commence on June 21, 2021.  The Court addresses

each of the pending motions in limine in turn.

## I.     United States's Motions in Limine

The United States moves (1) to exclude evidence of the alleged victims' sexual

behaviors, (2) to admit evidence of Mayer's prior conviction of attempted third-degree

criminal sexual conduct, (3) to preclude any jury-nullification argument, (4) to sequester

all witnesses other than the United States's case agents and expert witness, (5) to admit

Mayer's jail telephone calls and letters, and (6) to preclude Mayer from referring to the punishment he might face if convicted.

### A.    Evidence of Alleged Victims' Sexual Behavior

The United States moves to exclude any evidence pertaining to the sexual behaviors or predispositions of the alleged victims in this case including, in particular, the sexual behaviors or predispositions of alleged victim Minor A.  In response, Mayer represents that he does not plan to present any such evidence.  But Mayer contends that "he does indeed intend to present such evidence if the Government makes it necessary to do so to present a complete defense."

In a criminal proceeding involving alleged sexual misconduct, evidence about a victim's sexual behavior is inadmissible unless certain conditions are satisfied.  *United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009).  The purpose of this rule is "to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details."  *Id.* (quoting Fed. R. Evid. 412 Advisory Committee Notes).  Evidence of a victim's sexual behavior is admissible in a criminal trial only, as relevant here, "to avoid a violation of the defendant's constitutional rights."  *Id.* (citing Fed. R. Evid. 412(b)(1)).

Although Mayer represents that he has no plan to offer evidence of Minor A's past sexual behavior, he contends that "[i]f the Government offers evidence at trial to suggest that Defendant's conduct somehow caused (or 'groomed' or 'coerced' or otherwise 'induced') Minor A to engage in conduct that was already a regular behavior of hers, then Mayer is entitled to present evidence to rebut it."  Mayer's suggestion that he has an

unqualified right to present such evidence is mistaken.  An analysis of the admissibility of

a victim's past sexual behavior under Rule 412(b)(1)(C) begins "with the premise that

defendants have a constitutional right under the Fifth and Sixth Amendments to introduce

evidence in their defense," but "this constitutional right is not without limitation."  *United*

*States v. Never Misses A Shot*, 781 F.3d 1017, 1029 (8th Cir. 2015) (internal quotation

marks omitted).   "These limitations include concerns about harassment, prejudice,

confusion of the issues, the witness' safety, or interrogation that is repetitive or only

marginally relevant."  *Id.* (internal quotation marks omitted).  Evidence may be limited on

these grounds so long as any such limitations are neither arbitrary nor disproportionate to

the purposes the limitations serve.  *Id.*  Evidence with only minimal probative value that

would have a highly prejudicial effect can be excluded "without infringing upon the

Confrontation Clause or other constitutional rights of a defendant."  *Elbert*, 561 F.3d at

777.  Because Rule 412 is a rule of exclusion, a defendant must establish the probative

value of the proffered evidence.  *See id.* at 776 (describing Rule 412 as a "rule of

exclusion"); *see also United States v. Pumpkin Seed*, 572 F.3d 552, 558 (8th Cir. 2009)

(observing that defendant had burden to demonstrate probative value of proffered Rule 412

evidence).  Thus, Mayer is not necessarily "entitled" to present such evidence.

Moreover, Rule 412 imposes procedural requirements on a party seeking to offer

evidence of a victim's sexual behavior or predisposition.  Specifically, Mayer was required

to do the following:

> (A) file a motion that specifically describes the evidence and
> states the purpose for which it is to be offered;

(B) do so at least 14 days before trial unless the court, for good
cause, sets a different time;
(C) serve the motion on all parties; and
(D) notify the victim or, when appropriate, the victim's
guardian or representative.

Fed. R. Evid. 412(c)(1). [1]   Mayer has not complied with any of these procedural

requirements, and the deadline to do so has passed.[2]  As such, if Mayer seeks to offer such

evidence at trial, it is his burden to demonstrate *both* that good cause exists for his untimely

disclosure under Rule 412(c) *and* that the probative value of the proffered evidence

outweighs its prejudicial effect and other countervailing concerns, as addressed above.  On

the current record, the Court has no basis to admit any such evidence.

For these reasons, the United States's motion to exclude any evidence pertaining to

the sexual behaviors or predispositions of the alleged victims in this case is granted.

**B.      Evidence of Prior Conviction**

The United States moves to admit evidence of Mayer's 2012 prior conviction of

attempted third-degree criminal sexual conduct.  According to the United States, Mayer's

prior conviction is admissible under Federal Rules of Evidence 414 and 404(b).  Mayer

---

[1]     In addition, prior to admitting evidence under this rule, the district court must
conduct an *in camera* hearing and permit the victim and the parties to attend and be heard.
Fed. R. Evid. 412(c)(2).

[2]     Mayer purports to give notice under Rule 412 in his memorandum of law responding
to the United States's motion.  Mayer's purported notice is procedurally improper.  As
addressed above, Rule 412 requires Mayer, among other things, to "file a motion that
specifically describes the evidence and states the purpose for which it is to be offered."
Fed. R. Evid. 412(c)(1)(A).  He did not do so by the deadline imposed by Rule 412.

counters that the requirements for admissibility under Rules 414 and 404(b) have not been satisfied.

"In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation."  Fed. R. Evid. 414(a).  Mayer does not dispute that his prior conviction, which arose from his attempt to sexually penetrate a 13-year-old girl, involved child molestation.  But according to Mayer, admissibility under Rule 414 is improper because the charged offenses in *this case* do not involve child molestation because Minor A was not below the age of 14.

Rule 414 defines "child" as "a person below the age of 14."  Fed. R. Evid. 414(d)(1). And Rule 414 defines "child molestation," in relevant part, as "a crime under federal law or under state law . . . involving: (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child; [and] (B) any conduct prohibited by 18 U.S.C. chapter 110." Fed. R. Evid.  414(d)(2)(A)–(B).   Thus, to qualify as "child molestation," conduct prohibited by Chapter 109A of Title 18 must have been "committed with a child"—namely, a person below the age of 14.  *See id.*  In contrast, under the plain language of Rule 414(d)(2)(B), conduct prohibited by Chapter 110 of Title 18 need not have been committed with a person below the age of 14 to qualify as child molestation.  *See id.*; *accord United States v. Foley*, 740 F.3d 1079, 1087 n.3 (7th Cir. 2014) (observing that, "[a]lthough Rule 414(d)(1) defines a 'child' as a person below the age of 14, it defines 'child molestation' to include 'any conduct prohibited by 18 U.S.C. chapter 110' without regard to whether the chapter 110 offense was committed with a person below the age of 14" (quoting Fed. R. Evid. 414(d))).  Here, Mayer is charged with multiple offenses prohibited by Chapter

110 of Title 18.  *See* 18 U.S.C. § 2251(a) (production of child pornography); 18 U.S.C.

§ 2252(a)(2) (distribution and receipt of child pornography); 18 U.S.C. § 2252(a)(4)(B)

(possession of child pornography); 18 U.S.C. § 2260A (committing a felony involving a

minor while required to register as a sex offender).  As such, evidence of Mayer's 2012

prior conviction of attempted third-degree criminal sexual conduct involving a 13-year-old

girl "may be considered on any matter to which it is relevant."  Fed. R. Evid. 414(a).[3]

Rule 414 evidence of prior child molestation conduct may be admitted as relevant

to "the defendant's propensity to commit such offenses" if it was "committed in a manner

similar to the charged offense."  *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016)

(internal quotation marks omitted); *see, e.g.*, *United States v. Carter*, 410 F.3d 1017, 1022

(8th Cir. 2005) (affirming admission of Rule 414 evidence when charged conduct and prior

conduct involved "young, teenaged girls"); *United States v. Gabe*, 237 F.3d 954, 9609 (8th

Cir. 2001) (affirming admission of Rule 414 evidence when charged conduct and prior

conduct involved minors of the same age); *United States v. Withorn*, 204 F.3d 790, 794

(8th Cir. 2000) (same).  Mayer's 2012 conviction of attempted third-degree criminal sexual

conduct involved Mayer's prurient interest in minors and his efforts to mislead a 13-year-

old girl about his age to satisfy that prurient interest.  Similarly, some of the charges in this

case involve allegations that Mayer misled a 15-year-old girl about his age to satisfy a

---

[3]     The admissibility of this evidence is, however, subject to the requirement that "the prosecutor must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony . . . at least 15 days before trial or at a later time that the court allows for good cause."  Fed. R. Evid. 414(b).

prurient interest in minors.  As such, evidence of Mayer's 2012 conviction of attempted third-degree criminal sexual conduct is relevant.

Mayer contends that the probative value of his prior conviction is substantially outweighed by the risk of unfair prejudice.  *See* Fed. R. Evid. 403.  According to Mayer, the conduct underlying his prior conviction is not "close in time" to the offenses charged in this case.  But "the time lapse between incidents may not be as significant as it appears at first glance" if the "defendant was imprisoned for a portion of time between [the incidents], which deprived [him] of the opportunity to abuse any children."  *United States v. LeCompte*, 131 F.3d 767, 769–70 (8th Cir. 1997) (concluding that Rule 414 evidence was admissible despite 8-year period of time between incidents).  Like the circumstances in *LeCompte*, Mayer was in prison during most of the time between his 2012 conviction and the alleged offenses in this case.  For this reason, Mayer's argument as to the lapse in time is unavailing.

Mayer also contends that the United States "is attempting to persuade the jury that the on-line exchange of pornography is equivalent to an attempt to engage in sexual relations."  But "the unique stigma of child sexual abuse . . . is one that all propensity evidence in such trial presents," and this stigma alone does not warrant exclusion.  *Id.* (internal quotation marks omitted).  Indeed, when evaluating Rule 414 evidence of prior child molestation conduct, "[t]he presumption is in favor of admission," and the "probative value is normally not outweighed by any risk of prejudice or other adverse effects."  *United States v. Sumner*, 119 F.3d 658, 662 (8th Cir. 1997).  "Rule 414 evidence is exceptionally probative of a defendant's sexual interest in children" and, therefore, there is a "strong

legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." *Withorn*, 204 F.3d at 794 (internal quotation marks omitted).  Here, although the conduct underlying Mayer's 2012 conviction is not identical to the conduct alleged in this case, there are substantial similarities.  Mayer's prior conviction involved lying to a 13-year-old girl about his age, pursuing an intimate relationship with that minor in part through the exchange of text messages, and attempting to satisfy a prurient interest in children and engage in sexual conduct with that minor.  Similarly, in this case, the United States alleges that Mayer lied to a 15-year-old girl about his age, pursued an intimate relationship with her in part through the exchange of text messages, and attempted to satisfy a prurient interest in children through sexual conduct.  It is true that the allegations in this case, unlike Mayer's 2012 conviction, do not involve attempted in-person physical sexual contact. Nonetheless, the similarities between the alleged conduct and Mayer's prior conduct are sufficiently similar such that the probative value of the prior conduct is not "*substantially* outweighed" by a danger of "*unfair* prejudice."  Fed. R. Evid. 403 (emphasis added).  Thus, Mayer's arguments are unavailing.

For these reasons, the United States's motion to admit evidence of Mayer's 2012 prior conviction of attempted third-degree criminal sexual conduct is granted.[4]

---

[4]     Because the Court concludes that this evidence is admissible under Federal Rule of Evidence 414, the Court need not separately address whether this evidence also would be admissible under Federal Rule of Evidence 404(b).  The Court observes, however, that evidence of any other crime, wrong, or act "may be admissible for another purpose, such as proving motive, . . . intent, . . . knowledge, . . . absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

## C.      Jury-Nullification Argument and Evidence

The United States moves to preclude Mayer from arguing, presenting evidence, or pursuing lines of inquiry designed to elicit jury nullification.  Mayer does not oppose this motion.

It is improper to encourage jurors to disregard the law.  *See, e.g.*, *United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) ("To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos."); *accord United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification is not to be positively sanctioned by instructions, but is to be viewed as an aberration under our system." (internal quotation marks omitted)).  To the contrary, although "jurors possess the raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court."  *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997) (internal quotation marks omitted); *accord United States v. Scout*, 112 F.3d 955, 961 (8th Cir. 1997) (recognizing "the jury's obligation to apply the law to the facts" (internal quotation marks omitted)).  Moreover, although a jury has the power to find a defendant not guilty for any reason, a defendant has no right to incite jury nullification.  *See Horsman*, 114 F.3d at 829 ("Jury nullification, while it is available to a defendant, is only a power that the jury has and not a right belonging to the defendant, much less a substantial right." (internal quotation marks and brackets omitted)).  Arguments or evidence by Mayer encouraging jury nullification lack any relevance or probative value and are contrary to the instructions that this Court will provide to the jury.  *Cf.* Fed. R. Evid. 403 (permitting the exclusion of

evidence if the probative value is substantially outweighed by the risk of misleading or confusing the jury).  Although the jury may reach a not-guilty verdict for any reason, Mayer has no right to present irrelevant evidence, confuse or mislead the jury, or encourage the jury to disregard the Court's instructions as to the law.

For these reasons, the United States's motion to preclude any jury-nullification argument and evidence is granted.

### D.      Sequestration of Witnesses

The United States moves for an order requiring the sequestration of all witnesses other than the United States's case agents, FBI Special Agents Robert Blackmore and Dennis Howe, and the United States's expert witness, FBI Computer Forensic Examiner Vicki Klemz.

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."  Fed. R. Evid. 615.  The purpose of this rule is to limit the possibility that a witness who is present in court will present testimony that is modified to comport with the testimony of other witnesses.  *United States v. Ortiz*, 10 F. Supp. 2d 1058, 1060 (N.D. Iowa 1998) (citing *United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995)).  The burden of establishing that a Rule 615 exemption applies rests with the party seeking to exempt a witness from sequestration.  *See Klaphake*, 64 F.3d at 437; *Ortiz*, 10 F. Supp. 2d at 1060.  A district court has "wide latitude" when exercising its discretion to implement a sequestration order.  *United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012) (internal quotation marks omitted).

Employees designated as representatives of an entity party are exempt from the sequestration rule. Fed. R. Evid. 615(b). This exemption permits government case agents to sit at counsel table throughout a criminal trial. *United States v. Riddle*, 193 F.3d 995, 997 (8th Cir. 1999). Mayer does not oppose the sequestration of witnesses, nor does Mayer oppose the United States's request to exempt from sequestration its two case agents involved in this case, which is consistent with Federal Rule of Evidence 615. As such, these aspects of the United States's motion are granted.

The United States also requests exempting from the sequestration order its expert witness, FBI Computer Forensic Examiner Vicki Klemz. The United States does not identify an exemption to Rule 615 that expressly applies to expert witnesses. Under Rule 615(c), a district court is not authorized to sequester "a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c). The Advisory Committee Notes regarding Rule 615 provide that this exemption "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." *Id.*, Advisory Committee Notes, 1972 Proposed Rules. As such, a party seeking to exempt a witness from a sequestration order under this exemption "must show that the witness has such specialized expertise or intimate knowledge of the facts that the party could not effectively function in the witness's absence." *Klaphake*, 64 F.3d at 437. "A showing that the witness's presence would be helpful is not enough; the party seeking an exemption from sequestration must demonstrate that the witness's presence is essential to his or her cause." *Ortiz*, 10 F. Supp. 2d at 1061 (internal quotation marks omitted). Here, the United States

has not presented any legal or factual authority for concluding that its expert witness is "essential" to its case.  As such, the Court does not exempt FBI Computer Forensic Examiner Vicki Klemz from the Court's sequestration order.

Although Mayer does not oppose the United States's sequestration motion, Mayer requests that the Court also exempt from sequestration Mayer's investigator William O'Keefe and his expert witness Jeff Wold.  As addressed above, the party seeking an exemption from sequestration has the burden to demonstrate that a valid exemption applies. *See Klaphake*, 64 F.3d at 437; *Ortiz*, 10 F. Supp. 2d at 1060.  Mayer has not identified an exemption that would apply to his investigator or his expert witness, nor has he provided any information from which the Court could determine whether the presence of these individuals in the courtroom is essential to his defense.  As such, his request is denied.

Accordingly, the Court grants in part and denies in part the United States's sequestration motion.  All witnesses other than the United States's case agents, FBI Special Agents Robert Blackmore and Dennis Howe, shall be excluded from the courtroom. Counsel for both parties shall advise prospective witnesses of this ruling to ensure compliance with the Court's sequestration Order.

### E.    Jail Telephone Calls and Letters

The United States moves for an order admitting in evidence portions of telephone calls made by Mayer, and letters written and received by Mayer, while he was in custody at the Jail.  According to the United States, this evidence is relevant to Mayer's (1) ownership of two cell phones seized from him, (2) use of aliases online, (3) relationship with Minor A, and (4) efforts to obstruct justice in this case.  The United States maintains

that it "will offer numerous calls . . . and letters," but does not identify with specificity which of the "hundreds (if not thousands) of phone calls and . . . hundreds (if not thousands) of letters" that Mayer conveyed while in custody at the Jail.

Mayer seeks to reserve the right to object to any such evidence on any grounds, including relevance, prejudice, hearsay, or cumulativeness. Because the United States has not specifically identified what telephone calls or letters it seeks to offer, neither Mayer nor the Court has sufficient information to evaluate the admissibility of this evidence at this time. Therefore, the United States's motion must be denied as premature.

Mayer also argues that, if any such evidence is admitted at trial, the admission of such evidence does not require disclosing to the jury that Mayer was in pretrial detention when these communications occurred. Indeed, the United States has not demonstrated that admitting in evidence portions of telephone calls or letters would require presenting to the jury the fact of Mayer's pretrial detention. To the extent that any such evidence is offered at trial, the United States must either redact any reference to Mayer's detention or demonstrate why such references are relevant and admissible.[5]

---

[5] At the pretrial hearing, the United States attempted to establish he relevance of this evidence to no avail. The United States first argued that the fact of Mayer's pretrial detention is relevant to the Count 9 charge of obstructing justice. But obstruction of justice does not, as an element of the offense, require a defendant to be in custody when the offense occurs. *See* 18 U.S.C. § 1503. As such, this argument lacks merit. The United States also argued that the fact of Mayer's pretrial detention must be presented to the jury to establish foundation and authenticity as to the jail calls and letters. In response, Mayer represented that he will not contest foundation or authenticity as to this evidence, but that he reserves the right to contest relevance and admissibility on other grounds. On the current record, references to Mayer's detention have no apparent relevance, and any probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 401, 403.

For these reasons, the United States's motion for an order admitting in evidence portions of telephone calls and letters is denied.

### F.   References to Punishment

The United States moves to preclude Mayer from referring to any potential punishment that he might face if convicted.  Mayer does not oppose this motion.

Only relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if it has any tendency to make a fact of consequence more or less probable.  Fed. R. Evid. 401. Because any punishment attributable to an offense has no bearing on whether the United States has proven the elements of that offense beyond a reasonable doubt, such punishment is not relevant evidence.

This motion, therefore, is granted.

### II.   Defendant's Motions in Limine

Mayer moves (1) to exclude from evidence documentation from the National Center for Missing and Exploited Children (NCMEC), (2) to bifurcate the trial as to Count 6, and (3) to exclude uncharged "other act" evidence under Federal Rule of Evidence 404(b).

### A.   NCMEC Evidence

Mayer moves to exclude from evidence any documentation from the NCMEC, arguing that such evidence is inadmissible hearsay and violates his right to confrontation, secured by the Sixth Amendment to the United States Constitution. The United States counters that it does not intend to offer any such evidence in its case-in-chief and, therefore, Mayer's motion should be denied as moot.  But the United States seeks to reserve the right

to offer NCMEC evidence if Mayer's defense or cross-examination of witnesses cause such evidence to become relevant and admissible.

"The Sixth Amendment's Confrontation Clause and the evidentiary hearsay rule stem from the same roots." *United States v. Morrissey*, 895 F.3d 541, 553 (8th Cir. 2018) (quoting *Giles v. California*, 554 U.S.353, 365 (2008)). "The Confrontation Clause grants the accused 'the right . . . to be confronted with the witnesses against him.' " *Id.* at 553–54 (quoting U.S. Const. amend. VI). "The Federal Rules of Evidence bar the admission of hearsay—an out-of-court statement 'offered in evidence to prove the truth of the matter asserted'—unless the statement comes in pursuant to a recognized exception." *Id.* at 554 (internal brackets omitted) (quoting Fed. R. Evid. 801(c), 802). Even if a hearsay exception applies, evidence may violate the Confrontation Clause if the statement is testimonial, meaning that the statement was made in circumstances that would lead an objective witness reasonably to believe that the statement would later be available for use at trial. *Id.*

Here, the two NCMEC documents at issue are a 2017 Cyber Tipline report that led law enforcement to investigate and arrest Mayer and an NCMEC report pertaining to images of identified victims found on a cell phone seized from Mayer. In *Morrissey*, the United States Court of Appeals for the Eighth Circuit held that similar evidence was both inadmissible hearsay and violated the Confrontation Clause because it involved testimonial out-of-court statements. *Id.* Here, as in *Morrissey*, the NCMEC reports at issue involve statements prepared outside of court that would be offered for the truth of the matter asserted. Moreover, as in *Morrissey*, the NCMEC reports at issue here appear to have been prepared in anticipation of trial and, as such, likely contain testimonial statements.

Because the United States represents that it will not offer these NCMEC reports as evidence in its case-in-chief, Mayer's motion is moot to the extent that it seeks to prevent such admission.  The United States seeks, however, to reserve the right to offer such evidence to counter Mayer's defense or cross-examination of witnesses.  Because the United States has not demonstrated how Mayer's trial strategy could remedy any hearsay and Confrontation Clause concerns as to this evidence, the Court has insufficient information from which to rule on this issue and will do so, if necessary, in the context of trial.  If the United States seeks to offer any such evidence at trial, it must be prepared to clearly demonstrate how the proffered evidence is admissible in light of the hearsay and Confrontation Clause concerns addressed herein.

For these reasons, Mayer's motion to exclude NCMEC evidence is denied without prejudice.

### B.     Bifurcation of Count 6

Mayer seeks to bifurcate the trial so that evidence and argument as to Count 6—which alleges that Mayer committed a felony involving a minor while he was required to register as a sex offender—is presented in a second phase of trial only if the jury returns a verdict of guilty with respect to one of the three predicate charges involving a minor.  According to Mayer, bifurcation of Count 6 is necessary to avoid unfair prejudice.  The only potential prejudice that Mayer has identified is that the jury would learn about Mayer's 2012 prior conviction of attempted third-degree criminal sexual conduct.  For the reasons addressed above in Part I.B. of this Order, evidence of Mayer's prior conviction is relevant and admissible under Federal Rule of Evidence 414, and the probative value of such

evidence is not substantially outweighed by the danger of unfair prejudice.  As such, even if Count 6 were bifurcated, evidence of Mayer's 2012 prior conviction and subsequent requirement to register as a sex offender would be admissible at trial.  Moreover, Mayer identifies no legal authority, from either the Eighth Circuit or this District, demonstrating that bifurcation of Count 6 is either necessary or warranted in this case.

For these reasons, Mayer's motion to bifurcate Count 6 is denied.

## C.    Rule 404(b) "Other Act" Evidence

Mayer moves to exclude all evidence of uncharged other acts, arguing that this evidence is irrelevant and its probative value is substantially outweighed by the risks of unfair prejudice, cumulativeness, confusing the jury, and wasting time.  *See* Fed. R. Evid. 402, 403, 404(b).  The United States concedes that it will not necessarily offer all of the "other act" evidence of which it provided notice.[6]  But the United States opposes Mayer's motion, arguing that the "other act" evidence it intends to offer in its case-in-chief is relevant and has probative value that is not substantially outweighed by any countervailing concerns.

In particular, the United States represents that it will offer the following "other act" evidence in its case-in-chief: uncharged images of child pornography, child erotica, and

---

[6]    Mayer argues that the United States "has no intention at all of offering the majority of the evidence for which it gave notice, and intended to use the 'notice' provision of Rule 404(b) as a diversion to hide its true intentions."  The United States had a legal obligation to provide Mayer "reasonable notice of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it."  Fed. R. Evid. 404(b)(3)(A).  The express purpose of this notice requirement is for a defendant's benefit.  Mayer's suggestion that the United States acted improperly by providing such notice has no support in the record and lacks merit.

obscene material found on Mayer's cell phones; portions of the search and web browsing histories on Mayer's cell phones; "pedobear" memes viewed by Mayer on his cell phones; communications between Mayer and Minor A found on Mayer's cell phones; Mayer's failure to comply with the terms of his parole in 2017; Mayer's prior conviction of attempted third-degree criminal sexual conduct; portions of Mayer's jail calls and letters pertaining to Mayer's relationship with Minor A, knowledge of Minor A's age, use of online aliases, ownership of the cell phones seized from him, and efforts to obstruct justice and destroy evidence.

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable.  Fed. R. Evid. 401.  And evidence of any other crime, wrong, or act may be admissible for purposes such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2). The evidence found on Mayer's cell phones—namely, images of child pornography, child erotica, obscene material, search and web browsing histories, "pedobear" memes, and communications between Mayer and Minor A—may be relevant for several purposes.  For instance, this evidence may be relevant to proving Mayer's motive, intent, knowledge, absence of mistake, or lack of accident with respect to his alleged production, distribution, possession, and receipt of child pornography, as well as his alleged persuasion and enticement of a minor.  Similarly, the fact and circumstances pertaining to Mayer's parole and violation thereof in 2017 may be relevant to Mayer's intent, knowledge, and lack of mistake or accident with respect to the charged offenses.  Mayer's parole and violation thereof also provide context as to Mayer's requirement to register as a sex offender and

law enforcement's investigation of the charged offenses.  *See, e.g.*, *United States v. Monds*, 945 F.3d 1049, 1053–54 (8th Cir. 2019) (affirming admission of evidence of defendant's supervised release and probation status, coupled with appropriate cautionary instruction, to provide context as to law enforcement's investigation and arrest of defendant).  Evidence of Mayer's prior conviction of attempted third-degree criminal sexual conduct is relevant for similar reasons, as well as the reasons addressed above in Part I.B. of this Order. Finally, although the parties have not identified with specificity the disputed jail calls and letters, such evidence may be relevant to Mayer's motive, intent, knowledge, and lack of mistake or accident with respect to his relationship with Minor A, and might demonstrate Mayer's efforts to obstruct justice or destroy evidence.  In short, Mayer has not established that this evidence lacks relevance.

Mayer contends that, even if this evidence is relevant, its probative value is substantially outweighed by the risks of unfair prejudice, cumulativeness, confusing the jury, and wasting time.  *See* Fed. R. Evid. 403.  But the Court lacks sufficient information to properly evaluate the probative value of this evidence in contrast to any such countervailing concerns.  As such, the Court will address the admissibility of any such evidence, and any objections to admissibility, in the context of trial.

For these reasons, Mayer's motion to exclude all evidence of uncharged other acts is denied without prejudice.

### III.   *Rayl* Findings

The United States requests that the Court issue pretrial *Rayl* findings as to the alleged pornographic images at issue in this case.  *See United States v. Rayl*, 270 F.3d 709

(8th Cir. 2001).  The purpose of a *Rayl* hearing is to determine "whether [images of alleged child pornography] depict sexually explicit conduct as a matter of law."  Eighth Circuit Model Criminal Jury Instructions § 6.18.2252A (citing *Rayl*, 270 F.3d at 714).  The Court heard argument as to this issue at the June 11, 2021 pretrial hearing.[7]

The statutory definition of "child pornography" includes any visual depiction of a child engaged in "sexually explicit conduct."  18 U.S.C. § 2256(8).  As relevant here, "sexually explicit conduct" includes "lascivious exhibition of the anus, genitals, or pubic area of any person."  *Id.* § 2256(2).  "A depiction of a child is a lascivious exhibition of the genitals when the child is nude or partially clothed, when the focus of the depiction is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer."  *Rayl*, 270 F.3d at 714 (internal quotation marks omitted).  However, "more than mere nudity is required before an image can qualify as lascivious."  *United States v. Lohse*, 797 F.3d 515, 520 (8th Cir. 2015) (internal quotation marks omitted); *see also United States v. Johnson*, 639 F.3d 433, 439 (8th Cir. 2011) (distinguishing images at issue from "innocent family photos, clinical depictions, or works of art").

To determine whether depictions constitute a lascivious exhibition, courts in the Eighth Circuit evaluate the "*Dost*" factors.  *See United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999) (concluding that the *Dost* factors are helpful in defining "lascivious

---

[7]     At the June 11, 2021 pretrial conference hearing, the United States clarified that it does *not* seek pretrial *Rayl* findings as to the images charged in Counts 7 and 8 of the third superseding indictment.  Rather, the United States seeks pretrial *Rayl* findings only as to the images charged in Counts 1, 2, 3, and 4.

exhibitions of the genitals" (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986))).  These factors include:

> (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).

The Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.2252A (incorporating *Dost* factors and adding factors (7) and (8)).

The Court has reviewed the relevant uncensored images *in camera* and concludes, as a matter of law, that a reasonable jury could find that all of the charged images listed in Counts 1, 2, 3, and 4 of the third superseding indictment include a lascivious exhibition of the genitals.

## IV.    Courtroom Restraints

At the June 11, 2021 pretrial hearing, Mayer addressed the fact that the United States Marshals Service has recommended the use of restraints to restrict Mayer's movement while he is in the courtroom during the trial.  Mayer requests that he not be placed in restraints during trial.  Mayer's request is denied.  The Court will make the proper accommodations to prevent jurors from observing the restraints or otherwise learning that restraints are in use during the trial.

## V.      Juror Strikes

Juror questionnaires were mailed to 100 prospective jurors.  The Court received 87 responses as of June 11, 2021.  The Court reviewed all of the responses, and the parties were provided an opportunity to review the responses in the courthouse on June 11.  The Court provided the parties with a list of the potential jurors who, based on their questionnaire responses, the Court is inclined to either strike for cause or excuse based on hardship.  The parties subsequently emailed the Court their proposed lists of prospective jurors to strike for cause or excuse for hardship.

Accordingly, the Court strikes or excuses the following prospective jurors as to whom there is unanimous agreement between the parties: participant numbers 100650559 and 100620684 are stricken for cause, and participant numbers 100618625, 100661339, and 100598490 are excused based on hardship.  These prospective jurors will not be required to appear for voir dire on June 21, 2021.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Plaintiff's motion to exclude evidence of victim's sexual behaviors, (Dkt. 164), is **GRANTED**.

2.      Plaintiff's motion to admit evidence of Mayer's prior conviction, (Dkt. 165), is **GRANTED**.

3.      Plaintiff's motion to preclude any jury-nullification argument, (Dkt. 166), is **GRANTED**.

4.      Plaintiff's motion to sequester witnesses, (Dkt. 167), is **GRANTED IN PART AND DENIED IN PART**, as addressed herein.

5.      Plaintiff's motion to admit jail telephone calls and letters, (Dkt. 168), is **DENIED** without prejudice.

6.      Plaintiff's motion to preclude references to the punishment, (Dkt. 169), is **GRANTED**.

7.      Defendant's motion to exclude NCMEC evidence, (Dkt. 178), is **DENIED** without prejudice.

8.      Defendant's motion to bifurcate trial, (Dkt. 179), is **DENIED**.

9.      Defendant's motion to exclude Rule 404(b) other acts evidence, (Dkt. 180), is **DENIED** without prejudice.


Dated:  June 15, 2021                                    s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge