UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                    Case No. 19-cr-0096 (WMW/HB)

                        Plaintiff,

            v.                              **FINAL JURY
                                            INSTRUCTIONS**

Travis Kyle Mayer,

                        Defendant.

### JURY INSTRUCTION 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

1



# JURY INSTRUCTION 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## JURY INSTRUCTION 3

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

3

# JURY INSTRUCTION 4

You may notice that some of the exhibits in this trial have redactions. I am instructing you that you need not concern yourself with the redactions, nor should you speculate as to what has been redacted. The information that is redacted has been reviewed by both parties and is irrelevant to the case and issues at hand. You should not guess at or consider the content of the redacted material or the reasons for the redactions.

# JURY INSTRUCTION 5

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

5

# JURY INSTRUCTION 6

The Indictment in this case charges the Defendant with eight different crimes: two counts of production of child pornography, one count of possession of child pornography, one count of distribution of child pornography, one count of receipt of child pornography, one count of persuasion and enticement of a minor, one count of commission of a felony offense involving a minor while required to register as a sex offender, and one count of obstruction of justice. The Defendant has pleaded not guilty to those charges.

The Indictment is simply the document that formally charges the Defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the Defendant to be innocent. Thus, the Defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the United States proved during the trial, beyond a reasonable doubt, each element of a crime charged.

There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial.

Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count.

## JURY INSTRUCTION 7

The Indictment charges that the offenses alleged in the Indictment occurred "on or about" certain dates. Although it is necessary for the United States to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the United States to prove that each offense was committed precisely on the date charged.

# JURY INSTRUCTION 8

Attempts by the Defendant to destroy or make up evidence, or influence a witness in connection with the crimes charged in this case, may be considered by you in light of all the other evidence in the case. You may consider whether this evidence shows a consciousness of guilt and determine the significance to be attached to any such conduct.

# JURY INSTRUCTION 9

When a defendant voluntarily and intentionally offers an explanation or makes some statement before trial tending to show his innocence, and this explanation or statement is later shown to be false, you may consider whether this evidence points to a consciousness of guilt. The significance to be attached to any such evidence is a matter for you to determine.

# JURY INSTRUCTION 10

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## JURY INSTRUCTION 11

The crime of Production or Attempted Production of Child Pornography, as charged in Counts 1 and 2 of the Indictment, has four elements, which are:

*One*, on or about the date in the Indictment, Minor A was under the age of eighteen years;

*Two*, the Defendant knowingly used, persuaded, induced, enticed, or coerced Minor A to engage in sexually explicit conduct;

*Three*, the Defendant acted with the purpose of producing a visual depiction, or transmitting a live visual depiction of such conduct; and

*Four*, the visual depiction(s) was produced using materials that had been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means, including by cellular telephone.

You have heard evidence of more than one visual depiction involved in these offenses.  You must agree unanimously as to which visual depiction(s) the Defendant produced or attempted to produce.

The crimes charged in Counts 1 and 2 include the attempt to produce child pornography.  The Defendant may be found guilty of an attempt if he: (1) intended to produce child pornography and (2) voluntarily and intentionally carried out some act that was a substantial step toward the production of child pornography.  If all of the elements have been proved beyond a reasonable doubt as to a completed crime or an attempt, then you must find the Defendant guilty of the crime charged; otherwise you must find the Defendant not guilty.

A person is "used" if they are photographed or videotaped.

11

"Sexually explicit conduct" means, in relevant part, actual or simulated sexual intercourse, masturbation, or the lascivious exhibition of the genitals or pubic area of any person.

The term "visual depiction" includes any photograph, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means. It includes data stored on a computer disk or by electronic means which is capable of conversion into a visual image.

An item is "produced" if it is produced, directed, manufactured, issued, published, created, made, or is in any other way brought into being by the involvement of an individual participating in the recording of child pornography.

The United States is not required to prove that the Defendant knew that Minor A was under the age of eighteen.

Although this instruction applies to Counts 1 and 2, keep in mind that you should consider whether the United States has proven each element beyond a reasonable doubt as to each Count separately. If all of these elements have been proved beyond a reasonable doubt, then you must find the Defendant guilty of the crime charged; otherwise you must find the Defendant not guilty.

# JURY INSTRUCTION 12

Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).

It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

# JURY INSTRUCTION 13

The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The phrase "foreign commerce" means commerce between any state, territory or possession of the United States and a foreign country.

The term "commerce" includes, among other things, travel, trade, transportation and communication.

Images transmitted or received over the Internet have moved in interstate or foreign commerce. It is for you to determine, however, if the material containing the visual depiction had been transmitted or received over the Internet, or was produced using materials that had been transmitted or received over the Internet.

14

# JURY INSTRUCTION 14

The crime of Distribution of Child Pornography, as charged in Count 3 of the Indictment, has three elements, which are:

> *One,* that on or about August 8, 2018, the Defendant knowingly distributed one or more electronic files that contained visual depictions of child pornography;

> *Two,* that the Defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct; and

> *Three,* the visual depictions were distributed using a means or facility of interstate or foreign commerce, or were mailed, shipped, or transported in interstate or foreign commerce.

You have heard evidence of more than one visual depiction involved in this offense. You must agree unanimously as to which visual depiction(s) the Defendant distributed.

The term "minor" means any person under the age of eighteen years.

The definitions and instructions I gave you as to Counts 1 and 2 as to the terms "sexually explicit conduct," "visual depiction," "interstate commerce," "foreign commerce," and "commerce" apply here as well.

The instruction you were provided as to what constitutes "lascivious exhibition of the genitals or pubic area of any person" also applies here.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant then you must find the Defendant guilty of the crime charged in Count 3; otherwise you must find the Defendant not guilty of this crime.

# JURY INSTRUCTION 15

The crime of Possession of Child Pornography, as charged in Count 4 of the Indictment, has three elements, which are:

*One*, that on or about the date listed in the Indictment, the Defendant knowingly possessed one or more electronic files that contained visual depictions of child pornography;

*Two*, the Defendant knew that the visual depiction(s) was of a minor engaging in sexually explicit conduct; and

*Three*, the visual depiction(s) was mailed, shipped, or transported in interstate or foreign commerce.

As to Count 4, you have heard evidence of more than one visual depiction involved in the offense. You must agree unanimously as to which visual depiction(s) the Defendant possessed.

The definitions and instructions I gave you as to Counts 1 and 2 regarding the terms "minor," "sexually explicit conduct," "visual depiction," "interstate commerce," "foreign commerce," and "commerce" apply here as well.

The instruction you were provided regarding what constitutes "lascivious exhibition of the genitals or pubic area of any person" also applies here.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant then you must find the Defendant guilty of the crime charged in Count 4; otherwise you must find the Defendant not guilty of this crime.

# JURY INSTRUCTION 16

The crime of Persuasion and Enticement of a Minor, as charged in Count 5 of the Indictment, has three elements, which are:

*One*, from on or about April 1, 2018, through on or about August 8, 2018, the Defendant knowingly used a facility or means of interstate or foreign commerce, to persuade, induce, or entice an individual under eighteen years of age, Minor A, to engage in sexual activity, that is, the production or attempted production of child pornography;

*Two*, the Defendant believed that Minor A was less than eighteen years of age; and

*Three*, if the sexual activity had occurred, or in fact did occur, the Defendant could have been charged with a criminal offense under the laws of the United States or the state of Minnesota.

It is not necessary for the United States to prove that Minor A was actually persuaded, induced, or enticed to engage in the production of child pornography; but it is necessary for the United States to prove that the Defendant intended to engage in the production of child pornography with Minor A and knowingly and willfully took some action that was a substantial step toward bringing about or engaging in the production of child pornography.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant then you must find the Defendant guilty of the crime charged in Count 5; otherwise you must find the Defendant not guilty of this crime.

# JURY INSTRUCTION 17

The crime of Committing a Felony Offense Involving a Minor While Required to Register as a Sex Offender, as charged in Count 6 of the Indictment has three elements, which are:

> *One*, from on or about April 1, 2018, through on or about August 8, 2018, the Defendant was required to register as a sex offender under federal law or the laws of the state of Minnesota;

> *Two*, the Defendant committed at least one of the felony offenses charged in Counts 1 or 2 of the Indictment (production of child pornography), or Count 5 of the Indictment (persuasion and enticement of a minor); and

> *Three*, the felony offense committed by the Defendant involved a minor who was less than eighteen years of age at the time.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant then you must find the Defendant guilty of the crime charged in Count 6; otherwise you must find the Defendant not guilty of this crime.

# JURY INSTRUCTION 18

The crime of Receipt of Child Pornography, as charged in Count 7 of the Indictment, has three elements, which are:

*One*, that on or about September 6, 2017, the Defendant knowingly received one or more electronic files that contained a visual depiction of child pornography;

*Two*, that the Defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct; and

*Three*, the visual depiction was mailed, shipped, or transported in interstate or foreign commerce.

The definitions and instructions I gave you before regarding the terms "minor," "sexually explicit conduct," "visual depiction," "interstate commerce," "foreign commerce," and "commerce" apply here as well.

The instruction you were provided regarding what constitutes "lascivious exhibition of the genitals or pubic area of any person" also applies here.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in Count 7; otherwise you must find the Defendant not guilty of this crime.

# JURY INSTRUCTION 19

The crime of Obstruction of Justice, as charged in Count 9 of the Indictment, has three elements, which are:

*One,* from on or about June 20, 2019, through on or about October 11, 2019, the Defendant knowingly requested and manipulated witness C.M. to testify falsely regarding an alleged three-way telephone call involving Minor A;

*Two,* the Defendant knew that this case, *United States v. Travis Mayer,* 19-cr-96 (WMW/HB), a judicial proceeding, was pending at the time; and

*Three,* by requesting and manipulating C.M. to testify falsely, the Defendant corruptly endeavored to influence, obstruct, or impede the due administration of justice.

The phrase "corruptly endeavored" means that the Defendant voluntarily and intentionally sought to elicit false testimony from a witness, C.M., and that in doing so, he acted with the intent to influence judicial or grand jury proceedings so as to benefit himself. The endeavor need not have been successful, but it must have had at least a reasonable tendency to impede a grand jury, or a trial jury, in the discharge of its duties.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in Count 9; otherwise you must find the Defendant not guilty of this crime.

# JURY INSTRUCTION 20

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence that may aid in a determination of the Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

# JURY INSTRUCTION 21

A minor may not legally consent to being sexually exploited.

# JURY INSTRUCTION 22

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: [*Court reads verdict form*]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it. After doing so, please advise the marshal or bailiff that you are ready to return to the courtroom.