UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
|     Plaintiff, | ) | DEFENDANT'S POSITION REGARDING |
| | ) | SENTENCING |
| vs. | ) | |
| | ) | |
| Travis Kyle Mayer, | ) | Criminal No. 19-96 (WMW/HB) |
| | ) | |
|     Defendant. | ) | |

Defendant Travis Kyle Mayer, through his counsel, Daniel L. Gerdts, Esq., respectfully submits this Position Regarding Sentencing pursuant to Local Rule 83.10(e).

OBJECTIONS TO THE PRESENTENCE REPORT

There are continuing objections to the presentence report that remain unresolved. In addition to the objections that had been noted previously, there are a variety of additional objections to assertions and conclusions in the final presentence report that were not included in the original presentence report. All of these unresolved objections are set forth below.

I. Statutory Penalties.

One set of objections to the presentence report concerns the applicable statutory penalties for the various counts of convictions. The potentially most serious of these is whether the enhanced penalty of mandatory life imprisonment, under § 3559(e),

applies in this case. As a matter of law, § 3559(e) does not apply to any count of conviction in this case.

18 U.S.C. § 3559(e) requires the enhanced penalty of life imprisonment only if the offender is presently convicted of a "Federal sex offense" in which a minor is the victim *and* has a "prior sex conviction" in which a minor was the victim. The statute defines "minor" as a person less than 17 years of age, and defines "prior sex conviction" very narrowly to include only convictions for the following enumerated federal offenses (or their state law equivalents if there was no federal jurisdiction): §§ 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2422(b), and 2423(a). Defendant has not previously been convicted of any of the enumerated federal offenses, nor has he been convicted of any state law equivalent.

The Government appears nonetheless to contend both that Defendant has a prior Minnesota conviction under Minnesota Statutes, section 609.344, subdivision 1(b) (2010), for Attempted Third Degree Criminal Sexual Conduct; *and* that the alleged conviction qualifies as a predicate offense. The applicable law, however, does not support its position. According to § 3559, "the term 'prior sex conviction' means a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense." 18 U.S.C. § 3559(e)(2)(C). The Supreme Court also has held, consistent with the Sixth Amendment, that only a jury, and not a judge, may

find facts that increase a maximum penalty, except for the simple fact of a prior conviction. *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). It also has held that "[m]andatory minimum sentences increase the penalty for a crime . . . [and therefore] any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne v. United States*, 570 U.S. 99, 103 (2013).

The enhanced sentence prescribed by 18 U.S.C. § 3559(e) may not therefore constitutionally be imposed on a defendant unless a jury first makes the following two factual findings by proof beyond a reasonable doubt: 1) the alleged qualifying offense was one in which a minor was the victim; and 2) the sentence for the alleged offense was imposed before the conduct occurred constituting the subsequent Federal sex offense. In this case, the Court did ask the jury to make a special fact finding regarding whether the victim of the alleged offense was a minor. It failed, however, to have the jury determine whether the imposition of sentence on the alleged conviction occurred before the conduct constituting the Federal sex offense that is the subject of sentencing. The Court may not make the required fact finding itself without violating Defendant's Sixth Amendment right to a jury trial.

Even if the requisite factual findings had been made by the jury, the alleged prior sex offense would not qualify as a predicate offense for imposition of the enhanced statutory penalty. In making this determination, the Court must employ the formal categorical approach: "To determine whether a prior offense qualifies as a predicate

offense for the purpose of a statutory mandatory minimum or a sentencing enhancement, federal courts employ a 'formal categorical approach' which requires that the sentencing court 'look only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Pierson*, 544 F.3d 933, 942 (8th Cir. 2008); *accord Descamps v. United States*, 570 U.S. 254 (2013). The version of Minnesota Statutes, section 609.344, subdivision 1(b), in effect at the time of the alleged offense made it a felony for a person to "engage[] in sexual penetration with another person" when "the complainant is at least 13 but less than 16 years of age and the actor is more than 24 months older than the complainant." Minn. Stat. § 609.344, subd. 1(b) (2010). Apart from the required age of the complainant, and the difference in age with the actor, the required element of the offense is sexual penetration.[1]

The elements of the Minnesota offense of Attempted Third Degree Criminal Sexual Conduct do not directly correspond with any of the federal offenses enumerated as qualifying predicate offenses by § 3559(e). The only potential federal predicate offense to which they even come close is 18 U.S.C. § 2422(b), which makes it a crime knowingly to "persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so . . . ." The

---

[1] An "attempt" conviction under Minnesota law requires that the actor, "with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime." Minn. Stat. § 609.17.

elements of the two offenses obviously do not correspond (both the act and the intent elements are distinct), but it is not necessary for the Court to engage in such an analysis because § 3559(e)(3) specifically provides that "[a]n offense described in section 2422(b) . . . shall *not* serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that . . . no sexual act or activity occurred." (emphasis added). The same provision prohibits the use of a prior 2422(b) conviction (or its state court equivalent) even if sexual activity did occur, so long as the sexual activity was consensual and not for commercial gain.

The alleged conviction at issue was for "attempted" criminal sexual conduct precisely because no sexual act or activity occurred. Defendant's alleged prior conviction for Minnesota Attempted Third Degree Criminal Sexual Conduct therefore does not qualify as a predicate offense for the application of § 3559(e) because its elements do not correspond to the elements of any of the enumerated federal predicate offenses, and the only offense to which it even comes close cannot serve as a predicate offense without the offense including some kind of non-consensual or commercial sexual activity.

The general statutory penalties for the counts alleging production, receipt, and distribution of child pornography also are at issue, and Defendant objects to the enhanced statutory penalties suggested by the presentence report. The statutory penalty range for the production counts should be only 15 to 30 years because Defendant's

5

alleged prior state court conviction is not a conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography," as required by 18 U.S.C. § 2251(e). Likewise, the statutory penalty for the receipt and distribution of child pornography counts should be only 5 to 20 years, for the same reason that Defendant's alleged prior state court conviction does not qualify to trigger the enhanced penalties under the identical language in 18 U.S.C § 2252(b)(1). The same analysis applies to the possession of child pornography charge, capping its statutory maximum at 10 years. 18 U.S.C § 2252(b)(2).

The analysis to be employed by the Court is the same categorical approach referenced above, with the only distinction being whether the elements of the Minnesota crime of attempted third degree criminal sexual conduct relate to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward. The Court also enjoys an advantage with regard to this analysis because the Eighth Circuit already has concluded that mere solicitation offenses do not merit the statutory penalty enhancement. In *United States v. Pierson*, 544 F.3d 933, 942 (8th Cir. 2008), the court analyzed a prior conviction under a divisible Iowa statute that prohibited sexual fondling and touching conduct in its first two subdivisions, as well as two sexual solicitation offenses in the third and fourth subdivisions. The court

concluded "[a] conviction under subsections 1 or 2 of § 709.12 would qualify as a prior conviction for abusive sexual contact subjecting Pierson to a § 2251(e) 25 year mandatory minimum sentence . . . . A conviction under subsections 3 or 4 would not, however." *Id.* The same logic that prohibits the use of a solicitation conviction would likewise prohibit the use of a mere attempt conviction to serve as a predicate for the enhanced statutory penalties under §§ 2251(e) and 2252(b).

II.     Other Objections.

Defendant persists in his objections to a variety of factual assertions in the presentence report, including those in the newly numbered paragraphs referenced below:

Para. 8: Defendant objects to factual assertion that he was convicted of the alleged "Attempted third degree criminal sexual conduct."

Para. 9: Defendant objects to all factual assertions in the first sentence.

Para. 11: It was parole officers who performed the supervised release compliance check. Detective Mortensen accompanied them on the basis of the Google tip. Defendant did not attempt to delete any content from his phone, he merely turned it off. Detective Mortensen testified at trial that the clothing referenced was found in a large box of additional clothing, all of which he suspected may have been related to a recent theft from a laundromat, but it formed no basis to support the violation of supervised release. That was based on possession of the phone and alcohol and failure

to enter into a drug treatment program. There also was no note making any reference to "an imgsrc.ru" A photograph of the note was submitted as Exhibit 4.

Para. 14: Defendant's identity on ChatGum was "AlbertLea420." It was Ms. D.M. who initiated communications with Mr. Mayer. They later transitioned to communications on Kik, where Mayer used "Tyler Cole" as his username. His profile did not specify an age; that was an oral communication. Ms. D.M. did not at that time represent herself to be 15-years-old.

Para. 15: Much of this paragraph is objected to as inaccurate and contradicted by the record. For example, the phrase "the defendant manipulated D.M. into believing they were in a relationship" is nonsense. They were indeed in a relationship. It was not a relationship that society approves of, but it certainly *was* a relationship. Ms. D.M., who testified at trial as an adult, confirmed under oath both the relationship and her love for Mr. Mayer. Mr. Mayer also testified that he loved Ms. D.M.

Mr. Mayer did not "pretend" that he was caring for a young daughter. The girl, referenced also in paragraph 129 was the very real daughter of his ex-girlfriend whom he considered as his own and cared for while the mother worked her shifts at the Taco John's restaurant near the motel where he stayed.

While acknowledging the jury's contrary conclusion, Defendant also objects to the assertion that he "coerced and enticed" Ms. D.M. to take the photos that she very voluntarily and independently produced.

Para. 17: The third sentence is not accurate. Mayer sent the images that Ms. D.M. had produced to her mother Loretta who was in possession of Ms. D.M.'s phone at the time that they were sent. Loretta had asked Mayer to send them so she could see what they were. Ms. D.M. obviously already knew that Mayer possessed the images – it was she after all who had sent them to him in the first place – Mayer did not need to convince her that he had them.

Para. 23: While Defendant Mayer cannot comment on the FBI examination or its findings, he persists in noting for the record that he was unaware of the contraband found on the phone.

Para. 24: Same as above in paragraph 23.

Para. 28: There has been no allegation that "an identifiable victim or victims has suffered a physical injury or pecuniary loss" in this case, therefore 18 U.S.C. § 3663A(c)(1)(B) does not authorize restitution.

Para. 30: This paragraph suffers from a grammatical or other drafting error that renders it unintelligible. Defendant does not know how to respond to it.

Para. 34: The charge of obstruction of justice (charged in Count 9) was not related in any way to the prosecution of Counts 1, 2, or 6, and could not have been by definition. The final version of this paragraph also includes a litany of additional allegations that were not set forth in the original presentence report, and have not been alleged or proven previously. Defendant objects to all of the additional factual

9

assertions and legal conclusions in this paragraph.

Para. 35: There is no evidence whatsoever that defendant "attempted to manipulate" his phone in 2017, and there was no investigation of any of the allegations in the indictment at the time that his phone was seized. Indeed, there could not have been because the offense conduct did not take place until the following year.

Para 36: Mr. Mayer took the stand and explicitly acknowledged and accepted responsibility for the alleged conduct in Counts 3, 4, and 9.

Para. 39: Count 5 does *not* involve a separate and distinct harm from that alleged in Counts 1 and 2 – it rather very explicitly incorporates in its allegation *all* of the conduct and harm alleged in Counts 1 and 2. Counts 1, 2, 3, and 5 should be grouped under §3D1.2(b). Indeed, Count 5 merely alleges the overall scheme or plan that included the conduct alleged in both Counts 1 and 2.

Para. 46: This enhancement does not apply because "sexual contact" as defined in 18 U.S.C. § 2246(3) requires that the actor have the specific intent "to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." The actor in this case was Ms. D.M. There is no evidence regarding her intent when she touched herself. While it is possible that her intent was to gratify her sexual desires, the evidence in support of that proposition is entirely absent in this case. If her intent was merely to produce a pornographic video, the adjustment expressly does not apply.

Para. 47: If the material distributed in Count 3 was produced during the

commission of the offense alleged in Count 1, then this adjustment applies; if not, then it does not. Defendant objects to the implied factual finding that it was, and to the corresponding conclusion that the enhancement applies.

Para. 48: Because the offense involved the use of a computer, this adjustment would apply; Defendant Mayer specifically objects to the other suggested bases as unfounded and untrue.

Para. 51: This paragraph is objected to in its entirety, both as to the various factual assertions and in the conclusion that the obstruction of justice enhancement applies. The original version of the presentence report concluded that the enhancement did not apply to this grouping, and it was correct.

Para. 52: This revised adjusted offense level is incorrect for the reasons set forth above.

Para. 55: This adjustment does not apply for the reasons stated in the objection to paragraph 46 above.

Para. 56: Same objection as noted in the objection to paragraph 48 above.

Para. 59: Same comments and objections as noted in the objection to paragraph 51 above. The original presentence report again concluded that the enhancement did not apply to this grouping, and it was correct.

Para. 60: Same objection as noted regarding paragraph 52 above.

Para. 63: Defendant objects to this paragraph in its entirety. There is absolutely

no evidence, or even an allegation, that Defendant "knowingly engaged in distribution of child pornography on the Russian website." It is patently false, pure and simple, and Defendant objects to all factual assertions in the paragraph and the adjustment applied.

Para. 64: Defendant objects both to the factual assertions in this paragraph and to the 4-level adjustment as completely unsupported.

Para. 65: This adjustment does not apply to this guidelines calculation merely because more than one image was involved.

Para. 67: Defendant Mayer objects both to the factual assertions in this paragraph and to the application of the adjustment.

Para. 70: Once again this version of the presentence report erroneously includes an adjustment for obstruction of justice that contradicts the original version. Same objection as to paragraphs 51 and 59 above.

Para. 73: Defendant Mayer objects both to the factual assertions in this paragraph and to the application of the adjustment.

Para. 75: This adjustment does not apply for the same reasons as set forth in the objections to paragraph 46 above.

Paras. 76 through 83: All of these paragraphs are new to this version of the presentence report. Defendant objects to each of the new factual assertions and legal conclusions.

Para. 84: Same objection as noted to paragraph 52 above.

Para. 85: Based on the objections above, there should be only two groups.

Para. 86: This conclusion is erroneous for the reasons set forth above.

Para. 87: Only 1 level is added pursuant to §3D1.4.

Para. 88: The resulting combined adjusted offense level is incorrect for the reasons set forth above.

Para. 89: Defendant objects to the alleged fact of a prior sex conviction. §4B1.5(a)(1) does not apply.

Para. 91: The total offense level is incorrect for the reasons set forth above.

Para. 103: This conviction was not for "Mail Theft," but for the amended charge of "possession of stolen mail."

Para. 107: Defendant objects to all alleged factual assertions in this paragraph, and to the fact of conviction itself.

Para. 111: The two criminal history points do not apply because he was not under any criminal justice sentence during the allegations in this case.

Para. 131. Defendant objects to the second sentence. Defendant is not subject to a mandatory term of life: See discussion above.

Para. 135: This paragraph correctly states that Defendant has never enrolled in any sex offender treatment program, and therefore could never have been terminated from one either successfully or unsuccessfully.

Para. 150: There is no statutory provision requiring a mandatory term of life

imprisonment on any count. This paragraph also erroneously specifies mandatory minimum sentences for counts 3, 4, and 7 that are not correct because Defendant does not have the required predicate prior conviction to trigger the increased minimum sentences. See discussion above.

Para. 152: The guideline range is incorrect for the reasons set forth above.

Para. 161: Defendant obviously is indigent, so this provision does not apply.

## ADDITIONAL CONSIDERATIONS AND SENTENCING SUGGESTION

This case obviously is more complex in its sentencing calculus than the average case, and the Court's resolution of the legal issues raised will significantly affect the final sentencing guidelines calculation. Defendant respectfully reserves the right to make further arguments and observations after the final guidelines rulings have been made.

The circumstances of this case, however, set it greatly apart from the average case in which the sentencing guidelines are driven largely by counts of conviction arising from the production of child pornography. Indeed, it is an extremely rare case in which a defendant is convicted of the production of child pornography despite having personally produced no child pornography at all. *All* of the pictures and videos charged in this case were taken or filmed, not by the Defendant, but by the alleged victim. And despite the suggestion by the prosecution that she took pictures of herself because she was "vulnerable" and coerced by Defendant's requests, the testimony at

trial and the available public information suggests completely the opposite.

According to a recent report by the Utah Deseret News, the practice of teens sending each other nude photographs of themselves "is a huge problem and seems to be a *normal behavior* in school today. . . . They do it for fun, they say. They're doing it because someone asked them to. They're doing it to get somebody to like them better. They're doing it because someone sent them one. For many, it seems it has become a way of flirting," Pat Reavy, *Nude selfies a big problem in Utah schools, officials warn*, Deseret News, 14 March 2017 (emphasis added); available at http://www.deseretnews.com/article/865675531/Nude-selfies-a-big-problem-in-Utah-schools-officials-warn.html). And it is not just in the United States, "A Bristol study recently found 'sexting' has fast become the norm in teenage courtship, with almost half of 13 to 17-year-old girls saying they have been sent explicit pictures and videos, and two in five admitting to sending them back." Tanith Carey, The Daily Mail, 3 February 2016; available at http://www.dailymail.co.uk/femail/article-3430945/Just-intelligent-middle-class-girls-send-explicit-pictures-boys-FEMAIL-investigates.html.

What the alleged victim in this case did with her cell phone is not unusual activity at all. Not any more at least. According to the sworn trial testimony of the Government's own expert – Social Worker Bonnie I. Fries – it is "normal" behavior. While the teenager here did technically produce child pornography by taking the photos and making the videos, it is appropriate that these youthful actors are rarely

charged and prosecuted for their "normal" conduct. It is just as rare, however, for someone to be charged and prosecuted for producing the photography made by someone else.

The federal sentencing guidelines that address and recommend the sentencing ranges for the production and receipt of child pornography simply were not designed to recommend appropriate punishment for the conduct of teenaged and young adult "sexters" for whom this sort of activity is commonplace and "normal." The sentence in this case should not be driven by the guidelines for the "child pornography" convictions at issue in this case, as they are far more severe than necessary to accomplish the goals of sentencing.

Undersigned counsel looks forward to addressing further all of the issues raised in this pleading after having the opportunity to review the Government's position and conduct further research on the applicable legal principles.

Dated: 14 January 2022                     Respectfully submitted,

DANIEL L. GERDTS, LAWYER

*s/ Daniel L. Gerdts*

Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
612.800.5086